THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE
R. VAN ALSTYNE, Appellant.

*Seduction under the promise of marriage — conditional promise — when a question
for the jury — corroboration by proof of the birth of a child.*

Upon the trial of a prisoner indicted for seduction under a promise of marriage,
the complainant testified that while driving with the prisoner in a carriage "he
wanted I should do as he wanted me to and I objected. He put his lines
around the whip and put his arms around me and tried to make me, but I told
him I wouldn't, and so we drove on further, to where we turn to come home, and
he kept teasing me all the way along, and he said if I would he would marry
me. I said, 'I didn't want any boy to have to marry me in that way,' and he
said 'he would,' and finally he turned around and wanted me to again, and
said 'he wouldn't have turned around if he thought I wasn't going to let him.'
He told me 'if he got me in the family way he would marry me.' I told him
'I didn't want to have any boy to be obliged to marry me.' He said 'he didn't
want to be obliged to, but would.' And he wanted me to get out of the wagon
and I wouldn't; and finally I yielded to him; he had connection with me." She
further testified "that she yielded on the strength of and in faith and reliance
upon the statement that he would marry her." There was sufficient corrobo-
rating evidence to carry the question of fact to the jury.

*Held,* that the promise of marriage was a promise to marry in case the complain-
ant submitted to the wishes of the prisoner and was not a conditional promise
of marriage only in case he got her in the family way;

That it could not be held as a matter of law that the subsequent conditional
promise of marriage qualified the promise that preceded it, and the question as
to whether it did or not was properly submitted to the jury for its determination.

*Semble,* that, upon the trial of a prisoner for seduction under the promise of mar-
riage, the statement of the complainant that her child was born on June 25,
1892, she having testified that the seduction took place September 16, 1891, is
properly received in evidence and is some corroboration of the testimony of the
complainant in regard to her seduction.

APPEAL by the defendant, George R. Van Alstyne, from a judg-
ment of the Court of Sessions, held in and for the county of Monroe
on the 22d day of March, 1893, convicting him of seduction under
the promise of marriage and sentencing him therefor, and also from
an order entered in the office of the clerk of the county of Monroe
on the 22d day of March, 1893, denying the defendant's motion for
a new trial made upon the minutes.

*H. B. Hullock,* for the appellant.

*Howard H. Widener, Assistant District Attorney,* for the
respondent.

FIFTH DEPARTMENT, JUNE TERM, 1894.          [Vol. 78.

HAIGHT, J. :

The defendant was indicted for having, on the 16th day of September, 1891, under and by means of a promise of marriage made to Jennie M. Campbell, seduced and had sexual intercourse with her, she being then an unmarried female of previous chaste character. Upon the trial the sexual intercourse was admitted by the defendant. All of the other questions involved were sharply controverted.

We have carefully examined the testimony, and reached the conclusion that the verdict is supported by the evidence.

At the trial, after the evidence was closed, the counsel for the defendant moved for his discharge upon the grounds that the evidence showed that there was no promise of marriage necessary to constitute the offense under the Code, and that the facts did not show a seduction within the statute. This was denied, and an exception was taken. The court then charged the jury : " There must be a promise of marriage, not simply a promise that defendant would marry complainant in case she became pregnant. That would be a mere conditional promise, conditional upon the happening of an event which might never occur. It must have been an unconditional promise of marriage, made as an inducement to this act of sexual intercourse, and relied upon by the complainant in giving herself up to the defendant." The defendant's counsel then asked the court to charge, as a matter of law, that under the evidence no case of seduction under promise of marriage under the Penal Code has been made out. This was refused and an exception was taken.

The question is thus presented as to whether there was evidence of a promise of marriage sufficient to sustain the verdict. Upon this point the complainant testified that on the evening of the 16th day of September, 1891, she was returning from a social at Mr. Lonsberry's with the defendant in a carriage, and that on their way home " he wanted I should do as he wanted me to, and I objected. He put his lines around the whip and put his arms around me and tried to make me, but I told him I wouldn't, and so he drove on further, to where we turn to come home, and he kept teasing me all the way along, and he said if *I would he would marry me.* I said, ' I didn't want any boy to have to marry me in that way,' and he said ' he would,' and finally he turned around and wanted me to again, and

said ' he wouldn't have turned around if he thought I wasn't going to let him.' He told me ' if he got me in the family way he would marry me.' I told him ' I didn't want to have any boy to be obliged to marry me.' He said ' he didn't want to be obliged to, *but would.*' And he wanted me to get out of the wagon and I wouldn't; and finally I yielded to him; he had connection with me." She further testified " that she yielded on the strength of and in faith and reliance upon the statement that he would marry her." There was sufficient corroborating testimony to carry this question of fact to the jury.

It is contended, however, that the promise here testified to was not a promise to marry in case she submitted to his wishes, but that it was only a conditional promise that he would marry her in case he got her in a family way. It is true such an expression appears in her evidence, but it will be observed that he first promised to marry her if she would let him do as he wished. He thus held out that inducement to her, and then allayed her fears by telling her that if she got in a family way he would marry her, and in answer to her statement that she didn't want to have any boy obliged to marry her, he stated that he didn't want to be obliged to, *but he would.* Thus indicating that the marriage would be voluntary on his part.

The appellant argues that the subsequent conditional promise of marriage qualified the promise that precedes it, but we do not think that the court could so hold or charge as a matter of law, and that the trial court very properly submitted the question to the jury. The charge upon this branch of the case was as favorable to the defendant as he was entitled to.

It is contended on behalf of the People that even though the promise was conditioned upon her pregnancy, still it would be within the provision of the Code, under the authority of *The People* v. *Hustis* (32 Hun, 58). It was so held by a majority of the court in that case, but we have doubts in reference to the correctness of the conclusion there reached. Our attention has been called to no case in the Court of Appeals where the question has been determined. In *Armstrong* v. *The People* (70 N. Y. 38) the question was specially reserved, the court stating that it did not intimate an opinion either way upon the question. Under the view taken by us, its determination here is unnecessary.

An exception was taken to the admission of the testimony of the complainant as to the date her child was born. She said it was born on the 25th day of June, 1892. She states that the seduction took place on the 16th day of September, 1891. The time intervening exceeds but a few days the usual period of gestation, and is within the time frequently occupied in such cases. It is, therefore, some corroboration of her testimony. (*Armstrong* v. *People*, 70 N. Y. 38.) In this respect the case of *The People* v. *Kearney* (110 N. Y. 188) is distinguishable. But if this were not so, it appears to us the evidence did no harm, for it had been shown without objection that she had become pregnant, and from the defendant's own showing, that bastardy proceedings had been instituted.

The judgment, conviction and order should be affirmed, and the case remitted to the Court of Sessions of Monroe county to proceed thereon.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment, conviction and order of the Court of Sessions of Monroe county appealed from affirmed and proceedings remitted to that court to proceed thereon.