81h 390
68ad430

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STEPHEN C. DURYEA, Appellant.

*Seduction — a promise conditional upon pregnancy is not sufficient to bring a case within section 284 of the Penal Code.*

To bring a case within the provisions of section 284 of the Penal Code the promise of marriage must be the inducement to and must exist at the time of the act of sexual intercourse, and it is not sufficient if the promise is conditional upon pregnancy.

APPEAL by the defendant, Stephen C. Duryea, from a judgment of the Court of Sessions, held in and for the county of Suffolk, rendered on the 9th day of December, 1893, convicting him of the crime of seduction under promise of marriage.

*John R. Reed,* for the appellant.

*Walter H. Jaycox, District Attorney,* and *E. N. Carpenter,* for the People.

BROWN, P. J.:

The appellant was convicted at the Court of Sessions of Suffolk county of the crime of seduction under promise of marriage. The indictment charged that the crime was committed in February, 1890, upon one Addie Oakley.

Upon the trial the complainant's testimony as to the promise of marriage was as follows: "He asked me to have connection with him. I told him no; I would not let him. I never let any man and I would not let him. He said, 'Addie, I promise you faithfully that I will marry you.' I never answered him. He asked me again. He said again, 'Addie, I promise you faithfully I will marry you if I get you in trouble. After that I gave in."

The testimony of the complainant given before the convicting magistrate was read in evidence by the defendant to the effect that the promise of the defendant was that if she should become pregnant he would marry her, and that she did not remember of him making any other promise. It appeared also that she told her father that the defendant had promised to marry her "if he got her into trouble." The court refused the defendant's request to charge the jury that if they found that the promise to marry was conditional upon the complainant's becoming pregnant they must acquit, and the exception to this refusal presents the only question necessary to be considered upon this appeal.

Under the charge of the court we must assume that the jury may have found that the promise to marry was conditional upon the complainant becoming pregnant. It is very questionable, I think, whether the testimony permitted them to find any other promise, but assuming, as it is claimed by the prosecution, that it did, the question is presented whether such a conditional promise is sufficient to bring the case within the statute.

The crime is defined as follows: "A person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character is punishable," etc. (Penal Code, § 284.)

The case relied upon to support the conviction is that of *People v. Hustis* (32 Hun, 58). So far as I am informed this is the only authority that sustains this view of the statute. The decision was by a divided court, and the correctness of the conclusion there reached was questioned in *People v. Van Alstyne* (78 Hun, 509).

The prevailing opinion in *People* v. *Hustis* is based upon the assumption that the question had been decided by the Court of Appeals in *Kenyon* v. *The People* (26 N. Y. 203), and *Boyce* v. *The People* (55 id. 644). In those cases the promise testified to was that the accused would marry the prosecutrix if she would consent to have connection with him, and neither case presented the question of a promise conditional upon pregnancy. The distinction between the two promises is apparent. In the case of a promise conditional upon immediate intercourse, the condition is performed at the moment of the sexual act, and the promise to marry becomes absolute at once. Seduction in such a case is clearly accomplished under a promise to marry. In the case of a promise conditional upon pregnacy, there is no absolute promise at the time of the seduction and the condition is such that there may never be any. It is impossible to have seduction under a promise to marry when the only promise at the time of the seduction is one depending upon an event that may never occur.

To bring a case within the statute the promise of marriage must be the inducement to and must exist at the time of the act of sexual intercourse. The case of *People* v. *Hustis* has no support in the authorities cited to sustain it and should be overruled.

The exception referred to was well taken and the judgment must be reversed, and there must be a new trial.

DYKMAN and CULLEN, JJ., concurred.

Judgment reversed and a new trial granted.