## Court of Appeals.

### January 15, 1895.

## PEOPLE v. GEORGE R. VAN ALSTYNE.

### (63 St. Rep. 666; 144 N. Y. 361.)

CRIMINAL LAW—SEDUCTION—PROMISE OF MARRIAGE.

> A promise on the part of a man to marry a woman, who consents to sexual intercourse with him, in case she becomes pregnant as a result of such intercourse, is not sufficient to base thereon a conviction under section 284 of the Penal Code.

Appeal from judgment of the general term of the supreme court in the fifth judicial department, entered upon an order, which affirmed a judgment of the court of special sessions of Monroe county entered upon a verdict convicting defendant of the crime of seduction.

The facts, so for as material, are stated in the opinion.

H. B. Hallock, for appellant.

Howard W. Widener, for respondent.

PECKHAM, J.—The defendant has been convicted of the crime of seduction under a promise of marriage. It is urged in his behalf that the evidence on the trial as given by the prosecutrix herself simply shows the making of a conditional promise by defendant to marry the prosecutrix only in case she became pregnant as a result of that intercourse. It is then insisted that if the promise were of that nature it was insufficient upon which to base a conviction under the statute. We think the defendant's counsel is right in the construction to be given the evidence in the case. On carefully reading the testimony of the prosecutrix we feel confident that the only promise which she proves on the part of defendant was the conditional one to marry her in case she became pregnant. She does state in one portion of her evidence an unconditional promise, but she immediately follows it by the statement of the conditional one, and we think it obvious from her whole evidence that the con-

ditional is really the only promise which she regards as made or which can reasonably be inferred. The evidence which she gave before the justice in the other proceeding, and which in substance she admitted, and which was proved upon this trial, shows that she regarded the promise as one made only in case she became pregnant. Assuming the promise was of such a nature we are of the opinion that it was not of that kind contemplated by the statute. It was never intended to protect a woman who was willing to speculate upon the results of her intercourse with a man and who only exacted as the price of her consent a promise on his part to marry her in case the intercourse resulted in her pregnancy. The conditional promise mentioned in Kenyon v. People, 26 N. Y. 203, is very different from the one here under discussion. It was an absolute promise to marry the prosecutrix if she would consent to have intercourse with him, and when she consented and the intercourse took place, the promise became mutual and the condition was performed. A promise on her part was implied from the fact that she yielded to the solicitations of the defendant, and, in consideration of his promise, the intercourse took place. The condition was performed the very moment that such intercourse was accomplished. It came within the very words of the statute and also within its purpose. The seduction was accomplished under and upon the faith of an unconditional promise to marry her. It was the consideration for and the inducement to such intercourse. In Boyce v. People, 55 N. Y. 644, the same kind of a conditional promise was proved and held to be sufficient, the court refusing to hold that there was anything in the evidence to justify the claim that the promise was to marry only in case the accused should be satisfied that the prosecutrix was a virgin. In Armstrong v. People, 70 N. Y. 38, at 53, the court says that the question is not raised by the evidence, and refuses to discuss it for that reason. The statute was passed to protect a confiding and chaste woman in yielding to the solicitations of the man who had promised to marry her. It was not the purpose of the law to throw its protection around the woman who was willing to consent to the act, and who only asked for a promise of marriage in case her lapse from chastity should be discovered by

reason of her pregnancy. In such case she consents at a time when there is no real promise.

We think the case of People v. Duryea, 61 St. Rep. 131; 30 N. Y. Supp. 877, was well decided upon this very ground, and we approve the reasoning of Brown, J., therein contained.

The court below should have granted the motion of defendant and should have discharged or directed the jury to acquit him on the ground that no sufficient promise of marriage was proved to constitute a criminal offense under section 284 of the Penal Code.

The judgment should be reversed, and, as there can be no conviction of defendant under the evidence as given by the prosecutrix, he should be discharged.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.