(63 App. Div. 429.)

PEOPLE v. RYAN.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. SEDUCTION—BETROTHAL—SPECIAL PROMISE.
   There is no seduction if prosecutrix submitted in reliance on defend-
   ant's special promise of marriage in the event of pregnancy, though the
   parties were engaged to marry at the time of the special promise.

2. SAME—EVIDENCE—SUFFICIENCY.
   On a prosecution for seduction, prosecutrix testified that at the begin-
   ning of the illicit intercourse she had been engaged to defendant for
   about a month. On cross-examination she stated that talk of marriage
   was repeated the night the intercourse commenced, and that defendant
   said if she "got in any trouble" he could take care of her; that he often
   repeated the statement, and that she relied on it in yielding. On re-
   direct examination she stated that she permitted the intercourse because
   of the engagement. *Held*, that there was testimony to justify a finding
   that the reliance of prosecutrix was on the special conditional promise.

Appeal from Dutchess county court.

Clarence J. Ryan was convicted of seduction, and he appeals. Re-
versed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD,
HIRSCHBERG, and SEWELL, JJ.

Frank B. Lown, for appellant.
William R. Lee, Dist. Atty., for the People.

JENKS, J. The defendant appeals from a judgment of conviction
of seduction, and contends that there was error in the refusal of the
learned county judge to charge this request: "If the prosecutrix
submitted herself to the defendant, relying upon his promise that if
she got into trouble as a result of the intercourse he would marry her,
the defendant is not guilty." Upon the element of promise, the
learned judge had only charged: "In order to arrive at a verdict
of guilty, it is necessary that you find from competent evidence in
the case that a valid promise of marriage existed, and that under the
influence, and induced by that promise, this young woman submitted
to the acts of illicit sexual intercourse testified to." The statute
does not punish the man when the woman bargains for marriage
only in case there be danger of some public knowledge or of proof of
the illicit intercourse. Therefore, if the moving cause of the
woman's consent be a promise of marriage conditional upon her
pregnancy, the defendant cannot be found guilty. People v. Van
Alstyne, 144 N. Y. 361, 39 N. E. 343; People v. Duryea (Sup.) 30
N. Y. Supp. 877, approved in People v. Van Alstyne, supra. If a
woman betrothed submit to her lover, the absolute promise implied
in betrothment will not warrant his conviction for seduction if she
yield in reliance on his special promise that he will marry her in case
pregnancy follow the illicit relation. People v. Van Alstyne, supra.
Though testimony was given in this case which would have justified
the finding that the woman and the man were under engagement of
marriage, this did not warrant the refusal of the request if there
was testimony which fairly and reasonably would have justified the
finding from the whole case that the inducement was the special and

conditional promise. The prosecutrix testified that she engaged her-self to the defendant early in June, 1900; that she had intercourse with him first at the close of that month, which was continued for some months; that she first told him of her condition in September, 1900, when she said that she "was in trouble." On cross-examina-tion she testified:

"Q. Was this talk of getting married repeated on the night that he first had connection with you? A. Yes, sir. Q. What did he say then? A. He said if I got in any trouble, he could go out and work, and take care of me. Q. If he got you in trouble after connection, he would go out to work, and take care of you? A. Yes, sir. Q. And did you rely upon that statement in permitting him to have connection with you, that if you got in trouble he would marry you, and go to work, and take care of you? A. No, sir; we were engaged before that. Q. Did you pay any attention to what he said that night, that he would marry you and take care of you? A. Yes, sir. Q. Is that the reason why you permitted him to have connection with you,— his promise that if he got you into trouble he would take care of you? Is that what induced you to let him have connection with you? A. We were engaged first. Q. Is that promise what led him to have connection with you? A. Yes, sir. * * * The subsequent time that he had connection he did not renew that promise, that if I got into trouble he would marry me. Q. He said that only once? A. He said it often, but not after each time. Q. And did you rely upon that promise in permitting him to have connection with you? A. Yes, sir."

On redirect examination she also testified that she permitted him to have intercourse because of the engagement in June. I think that it cannot be said that there was no testimony which would have justified a finding from the whole case that the reliance of the woman was upon the conditional promise, and therefore I am of opinion that the exception was well taken.

Armstrong v. People, 70 N. Y. 38, cited by the learned district at-torney, does not touch the question presented by this appeal, as ap-pears both by page 53 of the reported case, and by the comments of Peckham, J., in Van Alstyne's Case, page 364, 144 N. Y., and page 343, 39 N. E. The judgment of conviction must be reversed for the error, and a new trial granted. All concur.