[Crim. No. 140.    Third Appellate District.—January 27, 1911.]

## THE PEOPLE, Respondent, v. PETER M. JENSEN, Appellant.

CRIMINAL LAW—SEDUCTION UNDER PROMISE OF MARRIAGE—UNQUALIFIED PROMISE ESSENTIAL—PROMISE CONTINGENT ON PREGNANCY INSUFFICIENT.—A seduction under an unqualified promise of marriage is essential to constitute the crime punishable under section 268 of the Penal Code; and a seduction accomplished under a contingent promise that the seducer will marry the female seduced only in case she becomes pregnant, as the result of their immoral relations, does not constitute a crime within the meaning of that section.

ID.—DIRECT TESTIMONY OF PROSECUTRIX—UNQUALIFIED PROMISE OF MARRIAGE BEFORE SEDUCTION — CONFUSING CROSS-EXAMINATION— QUESTION FOR JURY—SUPPORT OF VERDICT.—Where the prosecuting witness both in her direct and re-examination testified to a seduction accomplished by the defendant under an unqualified promise of marriage, precedent thereto, but, being confused by an adroit cross-examination, was led to say that, in addition to the previous promise of marriage, the defendant assured her that if she became pregnant he would, by executing his promise, protect her, and the court gave proper instructions to the jury, under any phase of her testimony, it was a question for the jury to determine whether the probative value of her direct testimony was overcome by her cross-examination; and their verdict of conviction is indubitable evidence that it was not; and her direct evidence, if believed, was sufficient to support the verdict.

ID.—OPINION OF COURT DENYING NEW TRIAL.—Where the court, after properly recognizing the rule of law relied upon by the defendant, denied his motion for a new trial, it is plainly apparent that the judge, having equal opportunity with the jury to observe the prosecutrix as a witness, was not of the opinion that her cross-examination should be interpreted as contradicting her direct testimony.

APPEAL from an order of the Superior Court of Humboldt County denying a new trial. Clifton H. Connick, Judge.

The facts are stated in the opinion of the court.

Puter & Quinn, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HART, J.—The defendant was convicted of the crime of "seduction under promise of marriage," and prosecutes this appeal from the order denying his motion for a new trial.

The only point urged against the validity of the order appealed from is that the evidence does not disclose that the defendant committed the crime denounced by section 268 of the Penal Code, upon which the information upon which he was tried and convicted is founded. Said section reads as follows: "Every person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable by imprisonment in the state prison for not more than five years, or by a fine of not more than five thousand dollars, or by both such fine and imprisonment."

By the terms of the succeeding section a prosecution of an offender under section 268 may be barred by the intermarriage of the parties prior to the finding of an indictment or the filing of an information charging such offense.

The contention is that the testimony of the prosecutrix discloses that the defendant promised to marry the plaintiff, if she would consent to and have sexual relations with him, only in the event that she became pregnant as a result of such relations, and that, if this be true, the promise so proved is not the promise essential to constitute the crime denounced by section 268 of the Penal Code.

In support of this proposition, the case of *State* v. *Adams*, 25 Or. 172, [42 Am. St. Rep. 790, 35 Pac. 36, 22 L. R. A. 840], is cited. There it is held that seduction accomplished under a promise that the seducer will marry the female only in case she becomes *enceinte* as a result of their immoral relations is not a crime within the meaning of a statute similar to ours in language and terms. The reasoning upon which the conclusion in that case is reached appears to be impregnable. But we think there is a wide difference, as to the facts, be-

tween that case and the one at bar. In the Oregon case, so far as we are advised by the opinion therein, there was no evidence disclosing or tending to show any promise of marriage by the accused except the one conditioned on the prosecutrix becoming pregnant by him. In the case at bar, as we shall presently perceive by a brief examination of the testimony, there is evidence that the defendant promised to marry the prosecutrix if the latter would consent to and have sexual intercourse with him, and that upon such promise she did have such relations with him.

Appellant builds his contention around the testimony of the prosecutrix brought out on cross-examination.

On direct examination she testified that some time previously to the time at which she first became immorally intimate with the defendant, the latter and she became engaged to be married; that subsequently, for some reason, said engagement was broken; that during the period of said engagement the defendant did not have sexual relations with her; that, thereafter, she resumed keeping company with the defendant, and it was then that he began coaxing her to yield to his lust and submit to his embraces. She testified that she did not submit to his entreaties in this regard until he had promised her that if she would do so he would marry her, and that, finally, relying upon said promise, she consented to and did have sexual connection with him. Repeatedly, she declared, on her direct examination, that her immoral relations with the defendant were upon an unconditional promise upon his part to marry her. It is true that, on one occasion, she did say to the district attorney that the defendant declared that he would "take care of her" in the event that she became pregnant, but this statement is not necessarily inconsistent with her testimony previously given on direct examination that the seduction was brought about under an unconditional promise of marriage.

But, by an adroit cross-examination of the prosecutrix, she was made to say, or to appear to say, several times that she consented to and had sexual intercourse with the defendant upon the condition or promise only that he would marry her in the event that she became pregnant by reason of their relations. On redirect examination, however, she reiterated her oft-repeated statement that the promise of marriage was

without qualification or condition, declaring that such promise was made by defendant prior to any discussion of the question of possible pregnancy by reason of their relations.

It is not at all unreasonable to assume that the jury, in considering her testimony, concluded that she regarded the questions put by defendant's counsel as possessing neither more nor less significance than those propounded by the district attorney on her direct examination, or, in other words, that she did not mean to say, in testifying on her cross-examination, that the defendant did not in the first instance make an unqualified promise of marriage which solely influenced her in consenting to and having sexual relations with him.

The learned trial judge, in his charge, instructed the jury in accord with the theory of the defense—i. e., that, if the evidence disclosed that the promise of marriage was based upon the contingency of the prosecutrix's pregnancy by reason of their relations, the accused would be entitled to an acquittal. Thus recognizing the rule of law contended for by the appellant, the court nevertheless denied this motion for a new trial, from which circumstance it is, of course, plainly apparent that the judge, having equal opportunity with the jury of hearing and seeing the prosecutrix testify, did not form the conviction that her cross-examination should be interpreted as developing a contradiction of her direct testimony or as involving an intention on her part to go further than to say that, in addition to the unconditional promise of marriage, the defendant assured her that should she become pregnant he would, by executing such promise of marriage, protect her against the humiliation and disgrace of bearing a child unacknowledged in a legal manner by the father of the child.

At any rate, it was entirely with the jury to reconcile and adjust to their own satisfaction the discrepancies, if any, which might have been made to appear by cross-examination in the testimony of the prosecutrix. It was, in other words, for the jury to determine whether the probative value of the direct testimony of the prosecutrix was impeached or destroyed by her cross-examination, and the verdict is, of course, indubitable evidence that it was not. The direct testimony of the prosecutrix, as we must view it, warranted the verdict, if the jury believed it, as evidently they did.

We can perceive no ground on which any interference with the verdict could reasonably be founded, and the order appealed from is, therefore, affirmed.

Chipman, P. J., and Burnett, J., concurred.