CHARLIE THACKER V. THE STATE.

No. 857.   Decided April 12, 1911.

Rehearing Denied May 10, 1911.

**1.—Abandonment—Seduction—Marriage—Indictment.**

On trial of abandonment after seduction and marriage there was no error in overruling a motion to quash the indictment because the offense of seduction took place prior to the enactment of the law; as it is immaterial when the seduction took place. It is the abandonment after marriage without sufficient cause that constitutes the offense.

**2.—Same—Constitutional Law.**

The Act of 1909 defining the offense of abandonment after seduction and marriage is constitutional.

**3.—Same—Other Acts of Intercourse—Evidence.**

It is not improper in cases of seduction to permit the witnesses to state that they had more than one act of intercourse.

**4.—Same—Bill of Exceptions.**

Where the record on appeal showed that the appellant accepted the bill of exceptions as it was qualified by the court, he could not complain.

**5.—Same—Charge of Court—Corroboration—Accomplice.**

Where, upon trial of abandonment after seduction and marriage, the court properly instructed the jury that the prosecuting witness must be corroborated, etc., and submitted special charges thereon, there was no reversible error.

**6.—Same—Public Policy—Charge of Court.**

An agreement between the parties that if defendant rendered himself guilty of a violation of the law the prosecutrix would not prosecute him, is against public policy, and there was no error in the court's failure to instruct the jury thereon.

Appeal from the District Court of Eastland. Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of abandonment after seduction and marriage; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Brelsford,* for appellant.—Upon the question of the law taking effect after the act of seduction: Walden v. State, 98 S. W. Rep., 848.

On the question of conditional and unconditional promise of marriage and charge of court: Muhlhouse v. State, 56 Texas Crim. Rep., 288, 119 S. W. Rep., 866; Simmons v. State, 54 Texas Crim. Rep., 619, 114 S. W. Rep., 841; Barnes v. State, 37 Texas Crim. Rep., 320, 39 S. W. Rep., 684; McCullar v. State, 36 Texas Crim. Rep., 213, 36 S. W. Rep., 585.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the defendant was charged with the offense of abandonment after seduction and marriage. Upon a trial he was convicted and sentenced to three years confinement in the State penitentiary.

The indictment in this case charges that defendant on or about the 1st day of September, 1907, unlawfully seduced Winnie McLester, and was indicted for that offense by the grand jury of Eastland County; that after indictment found and before announcement of ready for trial, defendant legally married said Winnie McLester, and thereafter abandoned his said wife without fault on her part. The indictment in this case was returned under chapter 50 of the Acts of the Thirty-First Legislature, which reads as follows:

"Section 1. If any person, by promise of marriage, shall seduce an unmarried female under the age of twenty-five years, and shall have carnal knowledge of such female, and if after prosecution has begun the parties marry each other, at any time before the defendant pleads to the indictment before a court of competent jurisdiction, and if the defendant within two years after said marriage, without the fault of his said wife, such fault amounting to acts committed by her after said marriage as would entitle him to a divorce, under the laws of this State, shall abandon her or refuse to live with her, or shall be so cruel to her as to compel her to leave him, or shall be guilty of such outrages or cruelties towards her as to make their living together insupportable, thereby leaving her or forcing her to leave him and live apart from each other, shall be guilty of the offense of abandonment after seduction and marriage, and any person convicted of said offense shall be confined in the penitentiary for a term not less than two nor more than ten years, and said marriage shall be no bar to the qualifications of said female to testify against the defendant and the female so seduced and subsequently married and abandoned as herein provided shall be a competent witness against said defendant." This Act became a law March 17, 1909. The act of seduction is alleged to have occurred in 1907, prior to the enactment of this law, but the marriage and abandonment was subsequent to the time the law became effective—the marriage being solemnized on July 16, 1909, the abandonment taking place shortly thereafter—for which offense he was indicted by the grand jury at the January term of court in 1910.

Appellant filed a motion to quash the indictment because the offense of seduction took place prior to the enactment of the law. It is immaterial when the seduction took place; it is the abandonment without sufficient cause that is denounced as an offense, and this took place subsequent to the enactment of the law. If the marriage and abandonment both took place after the law became effective, then the offense would be punishable under the law. Defendant also alleged that the law is void, in that it is repugnant to section 3, article 1, of the Bill of Rights, and to sections 13, 14 and 16 of article 1, of the

State Constitution. We do not think this law is violative of either of said sections or any other provision of our Constitution. The Legislature has the right to make it an offense to abandon the wife, when no grounds exist which would authorize a divorce, and the fact that they apply this law to only those persons who have seduced a virtuous female, and then married her to escape the penalty of their crime, does not render the law violative of the provisions of our Constitution. The law applies to all men who seduce women, marry them and then abandon the poor unfortunate. It is not placing a man in jeopardy twice for the same offense—it is a new offense for which he is being prosecuted, abandonment of his wife without cause. In vol. 21 of that excellent work, Cyclopaedia of Law & Procedure, p. 1611, we find the following text: "At common law the husband's neglect to support the wife in connection with his abandonment or desertion of her is not an indictable offense; but in many States by force of statutes the husband may for such breach of the marital duty be prosecuted under criminal, or quasi criminal proceedings, citing many authorities. In Indiana the statute subjects to a penalty any male person who, having become civilly or criminally liable for bastardy or seduction, marries the wronged female with intent to escape prosecution, and afterward maltreats, deserts, or fails to provide for her. State v. Lannoy, 30 Ind. App., 335. See also People v. Crouse, 86 N. Y. App. Div., 352; Carney v. State, 84 Ala., 7; Poole v. People, 24 Colo., 510; State v. Schweitzer, 57 Conn., 532; State v. McCullough, 1 Pennew. (Del.), 274; Stanley v. People, 104 Ill. App., 294; State v. Baker, 112 La., 801; State v. McLorinan, 43 N. J. L., 410; State v. May, 132 N. C., 1020; Commonwealth v. Baldwin, 149 Pa., 305; State v. Sutcliffe, 18 R. I., 53; State v. Witham, 70 Wis., 473. In case of State v. Davis, 70 Mo., 467, the court upholds and enforces a statute reading as follows: "Every husband shall be deemed guilty of a misdemeanor who shall without good cause abandon his wife and fail and neglect or refuse to maintain and provide for her or who shall without good cause abandon his child or children under the age of twelve years."

The court did not err in overruling the motion to quash the indictment. It is not violative of any provision of our Constitution, and is, in our opinion, a wise exercise of legislative discretion. The bills of exception which complain of the testimony of the prosecuting witness present no error. It is not improper in cases of seduction to permit the witnesses to state that they had more than one act of intercourse.

Bill No. 5 presents no error as qualified by the court and which was accepted and filed by defendant.

We have carefully read the charge of the court, and taken in connection with the three special charges of the defendant, we think it fairly presented the law of this case. At the request of defendant the court gave three special charges. The third special charge is as

follows: "The jury are instructed that the prosecuting witness must be corroborated, both as to the fact of the promise of marriage, and also as to the fact of illicit sexual intercourse between the defendant and the prosecuting witness if you believe beyond a reasonable doubt that there was such promise of marriage and sexual intercourse, before you can find the defendant guilty."

Special charge No. 4 is as follows: "You are instructed that should you believe from the evidence in this case that the defendant had sexual intercourse with the prosecuting witness, and if you further find that without being based upon and induced by an unconditional promise of marriage such intercourse was consented to by and upon the part of the prosecuting witness, Winnie McLester, by reason of the fact that at the time of such intercourse the defendant promised her that he would use a rubber protector to prevent her from being caught or becoming pregnant, or that if she was caught or became pregnant, that he would marry her as soon as she would notify him that she had been caught or became pregnant, then it is your duty to acquit the defendant and so say by your verdict."

Special charge No. 5 is as follows: "You are charged that should you believe from the evidence beyond a reasonable doubt that defendant had sexual intercourse with said Winnie McLester, before you can find the defendant guilty you must believe beyond a reasonable doubt that at the time of such intercourse, the sole and only reason or inducement that moved the prosecuting witness to participate in such intercourse was the prior promise of marriage, if any was made, and that no other reason or inducement caused her to yield to such intercourse."

The complaint that the court erred in failing to give special charge No. 7 is without merit. Such an agreement would have been against the policy of the law enacted by the Legislature, and the parties could not agree that if defendant did acts which rendered him guilty of a violation of the law, he should not be punished.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 10, 1911.—Reporter.]