(No. 2069.   January 21, 1918.)

## STATE v. LUJAN.

### SYLLABUS BY THE COURT.

Under a statute making a promise of marriage an essential element of seduction, a promise of marriage, conditioned upon pregnancy resulting from the intercourse, will not amount to seduction.

Appeal from District Court, San Miguel County; Leahy, Judge.

Juan Lujan was convicted of seduction, and he appeals. Reversed and remanded, with instructions to grant a new trial.

O. A. Larrazolo, of Las Vegas, for appellant.   H. L. Patton, Atty. Gen., for the State.

### OPINION OF THE COURT.

ROBERTS, J. Appellant was indicted, tried and convicted in the district court of San Miguel county of the crime of the seduction of one Josefita Martinez. He was duly sentenced to serve a term in the state penitentiary, and from that judgment this appeal is prosecuted.

While the appellant strenuously urges that the evidence was not sufficient to sustain the verdict, it is not necessary to consider this question. It might not be amiss, however, to remark, in passing, that the evidence is extremely unsatisfactory, and the story told by the prosecuting witness very improbable.

The case must be reversed on another point, however; hence it is not necessary to refer further to the facts in the case, except to say that one of the questions presented by the evidence was as to whether the promise of marriage was conditional or absolute. The court gave to the jury, of its own motion, instruction No. 4, which is as follows:

"I instruct you that before the state can rightfully claim a conviction in this case, it must prove to your satisfaction, and beyond a reasonable doubt, that the defendant, on the 15th day of August A. D. 1914, or at some other time within three years next preceding the 16th day of November, 1915, which is the date when the indictment in this case was returned into this court, at the county of San Miguel and state of New Mexico, unlawfully, willfully, and feloniously, and under and by means of promise of marriage, then and there did induce Josefita Martinez to have sexual intercourse with him, the said Juan Lujan; that at said time and place the said Josefita Martinez was an unmarried female person, under the age of 21 years, and was at said time, and previous thereto, of good repute for chastity."

Appellant requested the court to instruct the jury that a promise of marriage conditioned upon pregnancy resulting from the intercourse would not amount to seduction. This instruction was refused by the court upon the ground that the point "which this instruction seeks to cover is covered by instruction No. 4 of the instructions given by the court." A reading of instruction No. 4, quoted above, will show that the court was in error in this assumption. The instruction given did not advise the jury that the promise must be an absolute and unconditional one. It is well settled by the authorities that under a statute making a promise of marriage an essential element of seduction, a promise of marriage conditioned upon pregnancy resulting from the intercourse will not amount to seduction. People v. Jensen, 15 Cal. App. 220, 114

Pac. 585; Cherry v. State, 112 Ga. 871, 38 S. E. 341; State v. Thomas, 231 Mo. 41, 132 S. W. 225; Russell v. State, 77 Neb. 519, 110 N. W. 380, 15 Ann. Cas. 222; People v. Van Alstyne, 144 N. Y. 361, 39 N. E. 343, reversing 78 Hun, 509, 29 N. Y. Supp 542; People v Duryea, 81 Hun, 390, 30 N. Y. Supp. 877; State v. Adams, 25 Or. 172, 35 Pac. 36, 22 L. R. A. 840, 42 Am. St. Rep. 790; Simmons v. State, 54 Tex. Cr. R. 619, 114 S. W. 841; Muhlhause v. State, 56 Tex. Cr. R. 288, 119 S. W. 866; Thacker v. State, 62 Tex. Cr. R. 294, 136 S. W. 1095; Gillespie v. State, 73 Tex. Cr. R. 585, 166 S .W. 135. See, also, note to case of Hamilton v. United States, 51 L. R. A. (N. S.) 809.

Our statute, section 1499, Code 1915, makes a promise of marriage an essential element of seduction.

For the error committed by the court in refusing to give an instruction to the effect that the promise must be unconditional, the judgment must be reversed, and the cause remanded to the district court, with instructions to grant appellant a new trial; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.