[Crim. No. 587.  Second Appellate District.—April 29, 1918.]

## THE PEOPLE, Respondent, v. HARRY J. BROWN, Appellant.

CRIMINAL LAW—CONTRIBUTING TO DELINQUENCY OF MINOR—INFORMA-
TION—STATUTE OF LIMITATIONS.—An information filed November
2, 1917, charging that between October 1, 1916, and October 1,
1917, the defendant "did then and there willfully and unlawfully
take and entice" his victim "away from her home and usual place
of abode and did on various dates and times induce" her "to
accompany defendant to various hotels and rooming-houses in the
city of San Diego, and there occupy the same room and bed with
defendant, and that said defendant did then and there have and
accomplish sexual intercourse with" her, was sufficient as against
the objection that the charge was barred by the statutory limita-
tion of one year.

ID.—CONCLUSION OF LAW—SURPLUSAGE IN INFORMATION.—Such an in-
formation is not insufficient in also charging the defendant with
having induced the girl "to so live as would cause and manifestly
tend to cause" her "to become and remain a person coming within
the provisions of the juvenile court law of the state of California,"
as the same may be regarded as surplusage, in view of the definite
charge in the information.

ID.—RELATIONSHIP OF PARTIES—LACK OF AVERMENT OF MAN AND
WIFE—SUFFICIENCY OF INFORMATION.—Such an information is not
insufficient for failure to allege that the defendant and the girl
were not man and wife at the time of the commission of the
alleged acts, where the pleading does show that their surnames
were different, that she was but fifteen years of age, and that
he took and enticed her from her usual place of abode and induced
her to live with him at various hotels and rooming-houses, where
they were sexually familiar with each other.

APPEAL from a judgment of the Superior Court of San
Diego County.  T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

E. L. Johnson, and Ralph F. Twombly, for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn,
Deputy Attorney-General, for Respondent.

WORKS, J., *pro tem.*—The appellant was charged with con-
tributing to the delinquency of a fifteen-year old girl, the in-

formation having been predicated upon the terms of the juvenile court law (Stats. 1915, p. 1225; Deering's Gen. Laws, p. 766), section 21, which provides that "Any person who shall commit any act or omit the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of any of subdivisions 1 to 13 inclusive of section 1 of this act, or which act or omission contributes thereto, or any person who shall, by any act or omission, or by threats, or commands, or persuasion, induce or endeavor to induce any such person, under the age of twenty-one years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or manifestly tend to cause any such person to become or to remain a person coming within the provisions of any of subdivisions 1 to 13 inclusive of section 1 of this act, shall be guilty of a misdemeanor." Subdivision 8 of section 1 of the act provides that the act shall apply to any person under the age of twenty-one years, "who habitually uses intoxicating liquors or habitually smokes cigarettes . . . ," and subdivision 11 of that section makes the law apply to any person under twenty-one, "who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd or immoral life." The evidence of appellant's guilt was directed to these two subdivisions. He was convicted and was sentenced to two years in the penitentiary.

The testimony of the victim of the appellant was to the effect that she first met him at a dance; that they frequently saw each other from that time forward and soon became engaged to be married, and that immediately after the engagement they began to indulge in sexual intercourse together, the acts being committed almost daily, over a considerable period of time, in the rooms of appellant in the several hotels and lodging-houses at which he lived during the period. The landlady of one of the places at which appellant lived testified that on a certain occasion she became suspicious that appellant had a girl in his room; that she went to the room and rapped on the door, but that he refused to admit her or to open the door; that he later came downstairs in company with the girl whose testimony is stated above; that she, the landlady, then asked him what right he had to bring a girl into the hotel, to which he replied that he was not doing anything, that he was changing his clothes, whereupon she said to him that he

had no right to receive the girl in his room and change his clothes, and that appellant responded that he would vacate the room. He did surrender the room that day. Two police officers who took the appellant into custody testified that he acknowledged to them that he had committed the sexual act with the girl. We shall refer, specifically, to the testimony of but one of these officers. He says that the appellant named the places where the sexual act had been committed between the two, the officer stating them from the stand and they being some of the places named by the girl in her testimony; that he had always intended to marry the girl, but they had trouble at various times which prevented it. Practically the entire testimony of the prosecution above stated, related to times within a year before the filing of the information against the appellant, that time being the period of limitation in such cases. The evidence of the prosecution showed, without dispute, that the appellant and the girl had never been married to each other.

In the evidence on the part of the defense there was no contradiction of any part of the testimony above stated, except that several witnesses testified that the girl's reputation for veracity was bad. At least three of these witnesses testified, however, on cross-examination, that they had seen the girl in the rooms of appellant at various times and one of them said that she had "stayed with" the appellant.

Evidence was also introduced by the prosecution tending to show that appellant had induced the girl to drink intoxicating liquors; that he had compelled her, by persuasion, threats, and blows, to prostitute her body to the uses of other men; and that he had taken from her the money derived from such prostitution. As to all this evidence there was some contradiction in the testimony of the witnesses for the defense.

It is contended by the appellant that the trial court erred in holding that the information was sufficient in the face of an objection that the charge attempted to be made by it was barred by the statutory limitation of one year, the criminal acts of the appellant having been stated in the information to have been committed "on various dates and times" between October 1, 1916, and October 1, 1917, and the information having been filed November 2, 1917. It is insisted that the charge does not negative the possibility of all the criminal acts having been committed prior to November 2, 1916. It is to be noted

that the crime of contributing to the delinquency of a juvenile may be of a continuing character; in fact, the offense is usually made of a series of overt acts or of a continuous chain of omissions. The information now before us plainly attempts to charge a crime of that character. There was no special demurrer to the information, but the claim that it was insufficient came in the form of an objection, at the trial, to the introduction of evidence in support of the charge, on the ground that, as to any offense charged in the information, "a greater portion of it is barred by the statute of limitations." The peculiar form of this objection made it practically meaningless, as it carried the inference, if not the assertion, that some portion of the charge was not barred. The objection was also made, at the same time, that the information did not charge a public offense. The point now before us seems to be within the rule announced in *People* v. *Griesheimer,* 176 Cal. 44, [167 Pac. 521]. In that case the defendant was charged with collecting money from the prosecuting witness by means of false and fraudulent representations. The representations were to the effect that the defendant was authorized to solicit subscriptions on behalf of a certain publication and that he had in fact collected such subscriptions from various persons. It was charged that the prosecuting witness relied on these false representations and that he was thereby "induced to and did deliver . . . money to the defendant." There was a general demurrer to the information, which the trial court overruled. In passing upon the contention of the appellant that the ruling was erroneous, the supreme court said: "We are of the opinion that as against the defendant's general demurrer the information should be held sufficient on appeal. While there is no direct allegation that the money was paid to the defendant as a subscription or loan to the 'Fatherland Magazine,' a reader of the information could hardly draw from it any other inference than that the payment was made for such purpose. It may be conceded that a direct allegation to this effect would have been more in accord with technical requirements. But what was intended to be charged in this connection is perfectly plain from the language in fact used, and no person of common understanding could fail to understand that it was substantially charged, by necessary inference, at least, that the money was paid because of the alleged false representations, and for

the purpose suggested thereby. Section 4½, article VI, of the constitution provides that: 'No judgment shall be set aside, or new trial granted, in any case, . . . for any error as to any matter of pleading, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' We are satisfied that to reverse the judgment on this ground would be to entirely ignore this provision of our constitution.'' The information now before us alleges that, between the dates already mentioned, the appellant ''did then and there willfully and unlawfully take and entice'' his victim ''away from her home and usual place of abode and did on various dates and times induce'' her ''to accompany defendant to various hotels and rooming-houses in the city of San Diego and there occupy the same room and bed with defendant and that said defendant did then and there have and accomplish acts of sexual intercourse with'' her. To a person of common understanding this language must plainly carry the meaning that the appellant continued his illicit acts from a time on or about the first date to a time on or about the second date mentioned in the information. The charge was sufficient as against the objections made by the appellant at the trial, in view of the constitutional provision mentioned in the quotation from the opinion in *People* v. *Griesheimer.*

The appellant presents the further point that the trial court acted erroneously in holding the information to be sufficient over an objection that it stated but a conclusion of law in this respect, that it charged the appellant with having induced the girl ''to so live as would cause and manifestly tend to cause'' her ''to become and remain a person coming within the provisions of the juvenile court law of the state of California.'' This language is used in one part of the information, it is true, but the point which is attempted to be made concerning it is divested of all importance when we remember the very definite charge which is set out above and which specifically denounces the conduct of the appellant toward the girl at various times and at various hotels and rooming-houses in San Diego. The general language inveighed against by the appellant may be treated as surplusage, for the charge against him is specifically and definitely stated in other parts of the information. The point is not well taken.

The appellant contends that the information was insufficient to charge a public offense in that it did not allege that, at the time of the commission by the appellant of the acts of which complaint is made, he and the girl were not man and wife. The information does show, however, that the surnames of the appellant and the girl were different; that she was but fifteen years of age; and that he took and enticed her from her usual place of abode and at various times induced her to go to various hotels and rooming-houses with him, where they were sexually familiar with each other. This language of the information brings the case within the terms of the opinion in *People* v. *Griesheimer*, from which quotation is above made. No person of ordinary intelligence could read the information without plainly understanding from its terms that the appellant was charged with committing the denounced acts upon one who was not his wife.

The appellant contends that there was error in various other particulars in the proceedings of the trial court. It is asserted that the court erred in denying an application made by appellant at the trial to the effect that the prosecution be compelled to select and specify, by date, some particular act upon which reliance would be placed for a conviction; also, in refusing to strike out certain testimony as to acts of defendant toward the girl, committed more than a year before the filing of the information; and, further, in sustaining objections to certain questions asked a witness for the purpose of impeaching the girl as to some of her testimony on the subject of her being led by appellant to indulge in the use of intoxicating liquors. In addition to these specifications of error said to have been committed by the court, the appellant insists upon a reversal because of alleged misconduct of the district attorney in the prosecution of the case. We do not find it necessary to consider the merits of any of these points, nor to state the argument by which the attorney-general meets nearly, if not quite, all of them. We need not consider these questions for the reason that none of them militate against nor minimize the fact that the appellant's guilt was established by the uncontradicted evidence stated above. Having regard to the provisions of section 4½ of article VI of the constitution, we have made a careful examination of the entire cause, including the evidence, and we are of the opinion, from

such examination, that no errors in the record, if any there be, have resulted in a miscarriage of justice.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.