[Crim. No. 628. Second Appellate District.—November 21, 1918.]

THE PEOPLE, Respondent, v. VERNON J. VOTAW, Appellant.

CRIMINAL LAW—APPEAL—POINTS CONSIDERED ON JUDGMENT-ROLL—SUFFICIENCY OF INFORMATION—CERTAINTY OF JUDGMENT.—The sufficiency of the facts stated in the information to constitute a public offense, and whether or not a judgment of conviction is void for uncertainty, are points that are referable to the judgment-roll, and may be considered at any stage of the proceedings, although not included in the statement of grounds of appeal required to be filed under section 1247 of the Penal Code.

ID.—SEDUCTION UNDER PROMISE OF MARRIAGE — INFORMATION SUFFICIENT.—An information charging the defendant with accomplishing an act of sexual intercourse with a female of previous chaste character, "under and through a promise of marriage then and there made by him," sufficiently charges the offense defined by section 268 of the Penal Code.

ID.—EVIDENCE.—Evidence held sufficient to justify conviction of the offense of seduction under promise of marriage.

ID.—CORROBORATION.—Corroboration of the testimony of the prosecutrix as to the promise is not required on a prosecution for seduction under promise of marriage.

ID.—INSTRUCTIONS—WITNESS.—An instruction that a witness false in one part of his testimony must be distrusted in other parts does not invade the province of the jury.

ID.—INDETERMINATE SENTENCE—OFFENSE BEFORE LAW TOOK EFFECT.— An indeterminate sentence for an offense committed before the indeterminate sentence law took effect does not render the judgment void, but may be corrected by pronouncing judgment under the law as it stood when the offense was committed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Owens & Wingert, Ralph F. Graham, and Frank F. Oster, for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

MYERS, J., *pro tem.*—This is an appeal from a judgment of conviction of the crime of seduction under promise of marriage, as denounced by section 268 of the Penal Code, and from an order denying defendant's motion for a new trial.

The defendant urges upon this appeal three points which were not included in the statement of points and grounds of appeal filed by him in the court below under the provisions of section 1247 of the Penal Code. They are as follows: 1. The facts stated in the information do not constitute a public offense; 2. The district attorney was guilty of misconduct during the trial prejudicial to the defendant; 3. The judgment is uncertain and void. The statement filed by the defendant in the court below was a sufficient compliance with the requirements of section 1247 to give this court jurisdiction to consider the appeal. Of these additional points, the first and third are referable solely to the judgment-roll and are points which may be raised at any stage of the proceed-

ings; the second is, in our opinion, inconsequential. Inasmuch as we cannot see that the respondent can be in any way prejudiced by our consideration of these additional points at this time, we shall not decline to consider them.

The defendant earnestly contends that the facts stated in the information are insufficient to constitute a public offense. The information is as follows: "The said Vernon J. Votaw is accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of Seduction Under Promise of Marriage, a Felony, committed as follows: That the said Vernon J. Votaw on or about the 19th day of May, 1917, at and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously have and accomplish an act of sexual intercourse with one Laura S. Newton, who was then and there an unmarried female of previous chaste character, said act of sexual intercourse being accomplished by him, the said Vernon J. Votaw, under and through promise of marriage then and there made by him, the said Vernon J. Votaw, to her, the said Laura S. Newton. Contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the State of California."

The offense in question is defined by section 268 as follows: "Every person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable," etc. Defendant calls our attention to the words "*seduces and* has sexual intercourse," and contends that under this section something more is required than merely having sexual intercourse under promise of marriage. It is pointed out that a mere bargain between a man and a woman whereby the woman barters her virtue in exchange for the man's promise of marriage would not constitute seduction. Defendant contends that the information in this case charges nothing more than such a bargain; that in order to constitute a public offense it should charge, in addition, such facts as would amount to a *seduction*. Respondent replies, in effect, that seduction is the leading away of a chaste woman from the path of virtue, accomplished by any one of several different means, as, for example, by flattery, or false promises, or artifice, or urgent importunity, or undue influence, or the like; and that the information in this case charges

in ordinary and concise language a seduction accomplished by the particular means of a promise of marriage.

The supreme court of this state, in a civil case (*Marshall* v. *Taylor,* 98 Cal. 55, 60, [35 Am. St. Rep. 144, 32 Pac. 867, 869]) has approved the following definition: "The word 'seduction,' when applied to the conduct of a man toward a female, means the use of some influence, *promise,* art, or means on his part, by which he induces the woman to surrender her chastity and her virtue to his embraces. There must be something more than a mere reluctance on the part of the woman to commit the act, and her consent must be obtained by flattery, false *promises,* artifice, urgent importunity, based on professions of attachment, *or* the like, for the woman, and that relying solely on said *promises or* professions of flattery or artifice or importunity, she surrenderd her person and chastity to her alleged seducer." (Italics ours.) In *People* v. *Krusick,* 93 Cal. 74, 77, [28 Pac. 794], a prosecution under this section, the court said: "In order to convict the defendant of the crime defined in this section, it is necessary for the state to prove that the person seduced was 'an unmarried female of previous chaste character,' and that she consented to sexual intercourse with the defendant upon the sole consideration of his promise to marry her." In *People* v. *Wallace,* 109 Cal. 611, 612, [42 Pac. 159], the court said: "The charge was seduction under promise of marriage, and, of course, the gist of the offense is the *accomplishment of the act by means of such promise* as the inducing cause of the consent of the one seduced." (Italics ours.) In *People* v. *Kehoe,* 123 Cal. 224, 227, [69 Am. St. Rep. 52, 55 Pac. 911], the court said: "The law is designed to protect female chastity. . . . If a previously chaste woman submits herself to the embraces of a man under promise of marriage from him, upon which she in fact relies, the conviction, generally speaking, may not be avoided by proof that the promise was not legal and binding."

In *People* v. *Jensen,* 15 Cal. App. 220, 222, 223, [114 Pac. 585], the court states the facts of that case from the testimony of the prosecutrix as follows: "That some time previously to the time at which she first became immorally intimate with the defendant, the latter and she became engaged to be married; that subsequently, for some reason, said engagement was broken; that during the period of said engagement the de-

fendant did not have sexual relations with her; that, there-
after, she resumed keeping company with the defendant, and
it was then that he began coaxing her to yield to his lust and
submit to his embraces. She testified that she did not submit
to his entreaties in this regard until he had promised her that
*if she would do so* he would marry her, and that, finally, rely-
ing upon said promise, she consented to and did have sexual
connection with him. . . . The direct testimony of the prose-
cutrix, as we must view it, warranted the verdict, if the jury
believed it, as evidently they did.'' (Italics ours.)

Considering the information in this case in the light of these
definitions, we do not think it can be said that it would fail
to convey to a defendant of ordinary intelligence the informa-
tion that he was charged with the crime of seduction under
promise of marriage as denounced by this section of the code.
It may be that it would have been vulnerable to a demurrer
for uncertainty if such demurrer had been interposed; but no
question was raised as to the sufficiency of the information,
either by demurrer or objection or motion, until the case had
reached this court. Of course, if the information is, as de-
fendant now contends, insufficient to state a public offense,
that objection was not waived by defendant's failure to demur
or to object to the introduction of the evidence or to move in
arrest of judgment; but the fact that no such objection was
made is strongly persuasive to the conclusion that the defend-
ant was not in any way misled to his prejudice by what he
now conceives to be a defect in the information. We are of
the opinion that these circumstances and considerations bring
this case, in this respect, within the rule followed in *People* v.
*Brown,* 37 Cal. App. 101, [173 Pac. 621], and *People* v. *Gries-
heimer,* 176 Cal. 44, [167 Pac. 521, 522].

Defendant contends that the evidence was insufficient to
justify the verdict. It appears from the testimony of the
prosecuting witness that she and the defendant, who were
fellow-students in college, became engaged to be married as
the culmination of a courtship which extended over a period
of about two years; that about three weeks thereafter ''he
came to call on me in the evening and Perrys retired about
9 o'clock, and after they had retired he told me that he
thought that I was the same as his wife and he was the same
as my husband, and that it would be all right for us to have
sexual intercourse. And I said, well, I did not know as it

was exactly the same as his wife, because if anything should happen to me I would be—, and he said, well there would not be anything happen, and we would take precautions and there would not be anything happen, and I consented.'' She further testified that she would not have consented if the promise of marriage had not been made. There was no question as to her previous chaste character, and it was testified by many witnesses that the defendant was the only man with whom she ''kept company.'' The defendant did not deny the acts of intercourse, but did deny that there was ever any promise of marriage between them. The evidence of the prosecutrix was, if true, sufficient to present a perfect case of seduction under promise of marriage; not only a perfect case, but an exceedingly flagrant one. The jury, after a fair trial, found it to be true, and the court approved that finding by denying the defendant's motion for a new trial. Some point is made of the alleged circumstance that there is no corroboration of the testimony of the prosecutrix as to the promise of marriage. Defendant's counsel concede that no such corroboration is required by the law of California. It may be said in passing, however, that such corroboration does appear inferentially from many of the facts and circumstances in the record, and particularly from the letters in evidence which passed between the two.

Defendant complains of the giving by the court of instruction numbered ''H,'' as follows: ''If the jury believes from the evidence beyond a reasonable doubt that Laura S. Newton and the defendant Votaw had and accomplished an act of sexual intercourse as charged in the information, and that at the time of such act or prior thereto the defendant had promised to marry said Laura S. Newton and that she was then an unmarried female of previous chaste character and that but for such promise of marriage said Laura S. Newton would not have consented to said act of sexual intercourse, then you should find the defendant guilty as charged, notwithstanding the fact that other promises and representations were made as to the means and method by which such act should be accomplished.'' The objection to this instruction is substantially the same as the objections to the information, namely, that it leaves out of consideration the question of seduction and makes it possible for the jury to find the defendant guilty, even though the intercourse was the result merely of a mere-

tricious bargain between the parties. What we have said with respect to the sufficiency of the information applies here. It may be added that, even if it be conceded that the instruction was faulty in this respect, it could not have misled the jury in this case to the defendant's prejudice because there was not a scintilla of evidence tending to show any such meretricious bargain. Furthermore, the definition of the offense contained in this instruction is substantially identical with that embodied in instruction numbered 6, which was given by the court in this case at the request of the defendant.

The court also instructed the jury that "a witness false in one part of his or her testimony must be distrusted in others." Defendant contends that this instruction invaded the province of the jury. This can scarcely be regarded as an open question in this state at this time. Complaint is also made of the modification of certain instructions given by the court at the request of the defendant, by striking out certain portions therefrom. An examination of these instructions discloses that the parts stricken out, in so far as they were correct statements of the law, are substantially embodied in other instructions given by the court.

Defendant contends that the judgment in this case is void because it provides for an indeterminate sentence and the offense was committed at a time prior to the taking effect of the indeterminate sentence law. This error does not render the judgment void. (*Ex parte Lee,* 177 Cal. 690, [171 Pac. 958]; *People* v. *Lee,* 36 Cal. App. 323, [172 Pac. 158, 162]; *People* v. *Booth,* 37 Cal. App. 650, [174 Pac. 685].)

Following the practice adopted in *People* v. *Hill,* 36 Cal. App. 574, [172 Pac. 1114], the case is remanded to the superior court, with instructions that such steps be taken as may be necessary to bring the defendant before it and to pronounce judgment upon the defendant under the law as it stood at the time his crime was committed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 20, 1919.

All the Justices concurred.