[No. 19159.   Department One.— October 9, 1893.]

MARTIN BEDAN, APPELLANT, *v.* ALBERT TURNEY, RESPONDENT.

APPEAL — BILL OF EXCEPTIONS ON MOTION FOR NEW TRIAL. — Any bill of exceptions settled may be used upon appeal from a final judgment; and an objection to the consideration of alleged errors in instructions to the jury, upon the ground that the appeal is taken from the judgment alone, and that the rulings are only found in a "bill of exceptions on motion for a new trial," is without merit.

ID. — APPEAL FROM JUDGMENT ROLL— ERROR APPEARING NOT PRESUMED CURED — BILL OF EXCEPTIONS NOT EMBODYING EVIDENCE. — Upon an appeal from a judgment upon a judgment roll alone, nothing can be assumed or considered that does not appear upon the face of the roll. If that discloses error it cannot be assumed that the error was cured by matter not appearing in a bill of exceptions which form part of the judgment roll, though it does not purport to contain all the evidence.

ACTION OF CRIMINAL CONVERSATION— PROOF OF INTERCOURSE SUFFICIENT — INCIDENTS AFFECTING DAMAGES. — It is not necessary, in order to entitle a husband to recover in an action of criminal conversation, that he should show that the

sexual intercourse between the defendant and the wife was accomplished by means of force, or against her will; but it is sufficient if he shows the mere fact of the intercourse. The means by which the intercourse was effected are but incidents to increase or mitigate the damage.

ID.—IMMATERIAL QUESTIONS—PLAINTIFF'S CAPACITY—PATERNITY OF AFTER-BORN CHILD—MATRIMONIAL INTERCOURSE.—In an action of criminal conversation the plaintiff's right of action depends solely upon the defendant's carnal intercourse with the wife, and not upon the plaintiff's impotence or capacity; and the question as to whether an after-born child was begotten by the husband or the defendant, or as to whether there had been any matrimonial intercourse between the husband and his wife, is immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Louis Luckel,* for Appellant.

In order to maintain this action it was only necessary that there should be an actual marriage, and that the defendant had carnal intercourse with plaintiff's wife without his consent or connivance. (9 Am. & Eng. Encycl. of Law, p. 834; Sutherland on Damages, p. 744; *Cross v. Grant,* 62 N. H. 675; 13 Am. St. Rep. 611; *Bigaouette v. Paulet,* 134 Mass. 123; 45 Am. Rep. 308; Cooley on Torts, 224; 1 Chitty on Pleading, 16th Am. ed., 140, 141, 150, 151, 188; 3 Blackst. Com. 139; Broom & Hadley's Com., 847; Hilliard on Torts, 507.) The fourth instruction should have been given, as originally asked, and the striking therefrom the words, "though no force was used," was a material error. (9 Am. & Eng. Encycl. of Law, pp. 834, 835; Sutherland on Damages, p. 744.)

*Henry T. Gage,* for Respondent.

The appellant has no right to be heard on the so-called "bill of exceptions on motion for a new trial," on this appeal, as this appeal is from the judgment. (Code Civ. Proc., sec. 956; *Casgrave v. Howland,* 24 Cal. 457; *Levy v. Getleson,* 27 Cal. 686; *Lower v. Knox,* 10 Cal. 480; *Coombs v. Hibberd,* 43 Cal. 454.) Admitting that appellant might be heard upon these questions upon his appeal from the judgment, still the alleged erroneous rulings complained of, inasmuch as the bill of excep-

tions does not contain or purport to contain *all* of the evidence, cannot be held prejudicial on appeal. (*Brown* v. *Casey*, 80 Cal. 504.) All of the instructions asked by plaintiff on the subject of *debauchery* solely, omitting the theory of "force," were properly refused, for they were not predicated upon any evidence before this court. (*People* v. *Gilbert*, 60 Cal. 111; *People* v. *Juarez*, 28 Cal. 380; *People* v. *Atherton*, 51 Cal. 495.)

HARRISON, J. — Action of criminal conversation. Judgment was rendered in favor of the defendant, and the plaintiff has appealed, assigning certain errors of the court in its instructions to the jury.

The respondent makes a preliminary objection to the consideration of these errors upon the ground that the appeal is taken from the judgment alone, whereas the rulings are only found in a "bill of exceptions on motion for a new trial." Section 950 of the Code of Civil Procedure, however, provides that "on an appeal from a final judgment the appellant must furnish the court with a copy of the judgment roll, and of any bill of exceptions or statement in the case upon which the appellant relies. Any statement used on motion for a new trial, *or any bill of exceptions settled,* may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing the new trial." The fact that the bill of exceptions in the present case is entitled a "bill of exceptions on motion for a new trial" is immaterial.

It is also urged by the respondent that inasmuch as the bill of exceptions does not purport to contain all the evidence before the court below, the instructions given by the court cannot be regarded as prejudicial unless they were erroneous in every conceivable view, and that *for the purpose of sustaining the judgment* in the present case, it may be assumed that there was evidence to the effect that plaintiff connived at the criminal conversation of the defendant with his wife.

The purpose of a bill of exceptions is to preserve a record of the rulings or decisions of the court, and by section 650 of the Code of Civil Procedure, the party desiring to have his exceptions settled is to prepare a draft of a bill which shall contain all the exceptions upon which he relies, and to this draft the

opposite party may propose amendments. The bill does not become effective until it is settled by the judge, and by the same section he is directed "to strike out of it all redundant and useless matter, so that the exceptions may be presented as briefly as possible." If in such proposed draft there is inserted a ruling of the court deemed by the party preparing the same to be erroneous, it is the duty of the opposite party to present in his amendments any matters which would obviate the apparent error, and it must be assumed that the judge in settling the bill has caused to be inserted therein all matter which is relevant to his ruling, or will explain the same. (*Hyde* v. *Boyle*, 89 Cal. 590.) This bill of exceptions forms a part of the judgment roll, and of the court's record of its own acts; and for the purpose of determining whether this record contains any error, only the record itself can be examined. When an appeal from a judgment is heard upon the judgment roll alone, nothing can be assumed or considered that does not appear upon the face of that roll. If that discloses error, we can no more assume that it was cured by some matter which does not appear therein, than we can consider matters outside of the roll for the purpose of impeaching the correctness of the judgment. In each case the record must be judged by itself alone.

The plaintiff requested the court to give to the jury the following instruction: "The jury are instructed that if they believe from the evidence that the defendant debauched Franzisca Bedan, the wife of plaintiff, and had carnal intercourse with her without the consent of the plaintiff, then they are to determine the amount of damages done the plaintiff, not exceeding the sum asked for." The court refused to give this instruction, but at the request of the defendant instructed the jury as follows: "The court instructs you that in order for plaintiff to recover in this case, it is necessary for plaintiff to establish by a preponderance of evidence that the defendant had intercourse with the witness, Franzisca Bedan, by means of violence, or against her will, or without her consent. The mere fact of intercourse with her would not be sufficient to entitle the plaintiff to recover, and there is no evidence in this case, as far as the use of artifice or persuasion, or anything of that kind is concerned, in the way of seduction. And that the degree of violence

necessary to entitle plaintiff to recover is such as would overcome her resistance."

The court appears to have proceeded upon the theory that in an action of this character the plaintiff cannot recover unless it is shown that the sexual intercourse between the defendant and the wife was accomplished by means of force. In this the court was in error. The foundation of the husband's right of action is the wrong done him by the defendant in violating his personal rights. The husband has the right to the conjugal fellowship of his wife, to her society, her aid, and her fidelity in every conjugal relation. Any act of another by which he is deprived of this right constitutes a personal wrong, for which the law gives him a redress in damages. Her sexual intercourse with another is an invasion of his rights, and it is immaterial whether this invasion is accomplished by force or by the consent of the wife. As the right belongs to the husband, it is no defense to his action for redress that its violation was by the consent or procurement of the wife, for she is not competent to give such consent. And it is not necessary that the husband should show that it was by force or against her will. The original form of this action was *trespass vi et armis* (3 Blackst. Com. 139), even though the act was with the consent of the wife, for the reason, as was said by Holt, C. J., in *Rigaut* v. *Gallisard,* 7 Mod. 78, that "the law will not allow her a consent in such case to the prejudice of her husband, because of the interest he has in her"; but under this form of action it was not necessary to make any proof of force, as that was implied by the law. (1 Chitty's Pleading, 140.) Although seduction is ordinarily the means by which the adulterous intercourse is brought about, yet the action may be maintained without making proof of the seduction. The wrong to the husband consists in the carnal intercourse with his wife by another, and it is immaterial whether this intercourse is accomplished by persuasion or by force. (*Egbert* v. *Greenwalt,* 44 Mich. 245; 33 Am. Rep. 260.) His right of action is established upon proof of the intercourse, and the means by which this intercourse was effected are but incidents to increase or mitigate his damages. · The rule is well formulated by Bishop in his treatise on Marriage, Divorce, and Separation (vol. 1, sec. 1366), viz.: "One's sexual intercourse with

another's wife is a civil wrong to the husband, except where some special circumstance renders it otherwise; and it is more or less aggravated, bringing with it heavier or lighter penalties, according as it is attended by seduction or rape, or other enormity on the one hand, or by the wife's unsolicited willingness or other mitigating fact on the other." "The essential injury to the husband consists in the defilement of the marriage bed — in the invasion of his exclusive right to marital intercourse with his wife, and to beget his own children. This presumes the loss of the *consortium* with his wife, of comfort in her society in that respect in which his right is peculiar and exclusive." (*Bigaouette* v. *Paulet*, 134 Mass. 123; 45 Am. Rep. 307.)

The respondent seeks to uphold these rulings of the court upon the ground that there was no evidence before the jury except such as tended to show that the sexual intercourse between the defendant and the plaintiff's wife was effected by force on the part of the defendant, and was without her consent. It is not necessary here to reproduce the testimony upon this point. It is sufficient to say that, even upon this theory, the jury should have been permitted to determine from the evidence whether the facts sustained the theory. The evidence was not of such a character as would sustain a charge of rape, and the jury should have been allowed to find whether her objections to the intercourse were real or pretended — whether she manifested a virtuous indignation at the proposal of the defendant, or merely showed a coy resistance, which induced him to continue his advances; for, as was said by Lord Holt in *Rigaut* v. *Gallisard*, 7 Mod. 78: "If a man solicit a woman and go gently to work with her at first, and when he finds that will not do, he proceeds to force, it is all one continued act, beginning with insinuation and ending with force." For this purpose, the language in which she described his solicitation and her yielding — the place and manner in which it was accomplished, their relative strength and appearance, her silence to her husband for many months thereafter, and her subsequent interviews with the defendant — were matters to be passed upon by a jury, and should not have been assumed by the court as facts established in the case.

The court also instructed the jury at the request of the defend-

ant as follows: "You are instructed that if you find from the evidence that Martin Bedan, the plaintiff, was not impotent at the time the child born of Franzisca Bedan, about September 14, 1891, was begotten, and if you further find that the defendant, Elbert Turney, did not on or about December 15, 1890, by force and violence, or against her will, have carnal intercourse with Franzisca Bedan, wife of plaintiff, you will then find for the defendant." The plaintiff's right of action did not depend upon his impotence or capacity, and if the defendant had had carnal intercourse with the wife, either with or without her consent, it was immaterial for the purposes of this action whether there had been any matrimonial intercourse between the plaintiff and his wife, or whether the child that was born from her was begotten by him or by the defendant.

The judgment is reversed and a new trial ordered.

PATERSON, J., and McFARLAND, J., concurred.

Hearing in Bank denied.