[L. A. No. 1142.   Department Two.—November 20, 1903.]

NELLIE SWETT, Respondent, v. JOHN A. GRAY, Appellant.

ACTION FOR SEDUCTION—SUFFICIENCY OF COMPLAINT—CHASTITY OF PLAINTIFF.—A complaint in an action for seduction, which alleges that it was induced solely by the defendant's promise of marriage, and false pretenses of great love, and his urgent importunity, to which she reluctantly yielded, and that she was then a minor,

and then was and still is unmarried, and that at the time of the grievances complained of, and at all times prior thereto, she had been chaste and virtuous, avers with sufficient definiteness that she was chaste and virtuous at the time of the actual seduction.

ID.—AVERMENT OF ABILITY AND WILLINGNESS TO MARRY NOT REQUIRED.—Where the promise of marriage was only one of the means made use of to accomplish the minor's seduction, and other artifices and pretenses were resorted to for the same purpose, the complaint need not allege her ability or willingness to marry the defendant.

ID.—SPECIAL DEMURRER—MISJOINDER OF CAUSES—AMBIGUITY.—A special demurrer on the ground that the complaint misjoins a cause of action for seduction and for breach of a contract to marry, and for ambiguity and uncertainty as to whether the cause of action is based on the alleged seduction, or upon the alleged contract to marry, or upon the alleged suffering of the plaintiff, was properly overruled. The promise of marriage is merely set out as one of the inducements of the seduction, and the cause of action and prayer for damages is solely for the alleged seduction, and in no sense on a contract to marry, and there is no ambiguity as to the cause of action.

APPEAL from a judgment of the Superior Court of Riverside County. Lucien Shaw, Judge presiding.

The facts are stated in the opinion.

Kendrick & Knott, John G. North, Byron L. Oliver, Hartley Shaw, Valentine & Newby, and Byron Waters, for Appellant.

Gibson & Gill, for Respondent.

CHIPMAN, C.—The action is for alleged seduction, accomplished by promise of marriage and other inducements. The cause was tried to a jury, and plaintiff had the verdict. Defendant appeals from the judgment on the judgment-roll and statement of the case. There is an appeal by the plaintiff from the order granting a new trial, L. A. No. 1120, which, having been affirmed November 6, 1903, makes it unnecessary to notice the numerous alleged errors of law occurring at the trial, specified in the motion for a new trial.

Defendant interposed a demurrer to the amended complaint which was overruled, and he now insists that it

should have been sustained. Counsel for respondent have filed no brief in support of their pleading. The grounds of the demurrer are: 1. Insufficiency of facts alleged; 2. Misjoinder of a cause of action for failure to carry out a promise to marry; and 3. Ambiguity and uncertainty, in that it is not possible to ascertain from the complaint whether the cause of action is based on the alleged seduction or upon the alleged contract to marry referred to, or because of the alleged suffering of plaintiff in consequence of the illness mentioned in the complaint as attending her pregnancy.

In support of the general demurrer it is contended that it is an essential element of a cause of action of this character that the plaintiff was chaste at the time of the alleged seduction, and that without an allegation to that effect there is no cause of action stated (citing *Marshall* v. *Taylor,* 98 Cal. 55;[1] *People* v. *Krusick,* 93 Cal. 79; *People* v. *Wallace,* 109 Cal. 613). It is further urged that the complaint is fatally defective, because there is no averment of plaintiff's willingness to marry the defendant or the refusal of defendant to marry plaintiff. The complaint contains the following allegations: "That at the time of the commission of the grievances hereinafter mentioned, plaintiff was a minor under the age of eighteen years, and was and still is an unmarried female; and at all the times prior thereto had been chaste and virtuous." It is contended that the complaint alleges a series of grievances, and that the allegation only alleges chastity prior to this series, which it is said is not equivalent to an allegation that plaintiff was chaste at the time of the alleged seduction. The complaint alleges that about May 30, 1898, defendant, by false pretenses of his love for plaintiff, and by promises to marry her, and by urgent and persistent importunities, induced her to have sexual intercourse with him; "that she was young and was without experience in what he asked her to do, as above stated, and she greatly loved the defendant, and by reason of such love he had great influence over her, and she fully believed that he would soon marry her as he had promised to do, and that he loved her as he had so represented to her, and she alleges that she had no information, knowledge, or belief to the con-

[1] 35 Am. St. Rep. 144.

trary, and that trusting and relying solely upon his said
promise to marry her, and in the love and affection he pro-
fessed for her, and influenced by his urgent importunity,
she, with great reluctance, consented to and did then and
there have sexual intercourse with the said defendant."
It is then alleged: "That the said defendant on divers days
and times thereafter, up to and including on or about the
fifth day of September, 1899, upon the representations and
pretenses hereinbefore set out, on his part, and which rep-
resentations and pretenses and promise of marriage plain-
tiff relied upon and believed, did debauch and carnally know
plaintiff; and particularly on or about the fifth day of Sep-
tember, 1899, upon the pretenses and representations afore-
said made and repeated to plaintiff, upon which plaintiff
solely relied and believed, and while plaintiff was still a
minor and under the age of eighteen years, to wit, of the age
of seventeen years and nine months, did said defendant de-
bauch and carnally know plaintiff, whereby plaintiff became
sick and pregnant with child," etc.  Then follow allegations
of the falsity "of each and every representation made by
the defendant," and that defendant knowing the same to be
false, made the same to deceive plaintiff and take advantage
of her love and affection for him and induce her to have
sexual intercourse with him; "that in consequence of the se-
duction of plaintiff by the defendant as aforesaid, plaintiff
has suffered greatly in her health," etc., "to her damage,"
etc.  It is clear from the complaint that the alleged seduction
occurred in May, 1898, and while it may be true that on the
face of the complaint it appears that plaintiff could not have
been chaste when she subsequently yielded to defendant's
importunities, still there is an allegation "that at the time
of the commission of the grievances hereinafter mentioned,
plaintiff . . . was . . . and at all the times prior thereto had
been chaste and virtuous," and this certainly included the
time of the actual seduction, and we think was sufficiently
definite.

There is no allegation of plaintiff's ability and willingness
to marry defendant.  It is conceded by appellant that in a
criminal prosecution for seduction a promise to marry made
in good faith which was not fulfilled is no defense (*People*

v. *Samonset*, 97 Cal. 448), and it is also conceded that in a
criminal prosecution seduction is not excused by the willing-
ness of the seducer to marry his victim and her unwillingness
to such union, but it is urged that in a civil action for seduc-
tion the same reasoning does not apply. It is urged that
because in an action for breach of promise to marry an
allegation of willingness on the part of plaintiff to marry
the defendant is essential (*Hook* v. *George,* 108 Mass. 324;
*Graham* v. *Martin,* 64 Ind. 567), so must it be in an action
for seduction. Appellant cites no authority in support of
this contention, and we do not think it can be the law. There
might possibly exist some reason in the position where the
promise of marriage was the sole inducement, and the plain-
tiff was of age, although even in that case we should doubt
it, but where other artifices are resorted to, and promise of
marriage is but one of the means used by defendant to ac-
complish his purpose, it would certainly not be so. As well
might it be said that defendant in fact cherished genuine love
and affection for his victim when he so represented his feeling
to her, and hence that would excuse him, and so of any other
of the inducements which brought about her ruin. In a se-
duction case it may sometimes happen that the victim of the
seducer's passions may awake to a realization of his un-
worthiness upon finding herself pregnant, and that her
former love, which he had played upon, would suddenly turn
to hate. Must she still avow willingness to marry the author
of her disgrace and ruin, or be foreclosed the scant recom-
pense the law affords by civil action? We think not. She
may be a minor, as in this case, and incapable of contracting
marriage. Society may be interested in the criminal aspect
of a seducer's conduct, and hence the reason as appellant
suggests for the rule in criminal cases. But so also is society
interested in protecting an innocent woman from forced mar-
riage with her betrayer. As in a criminal case for seduction,
so in a civil action, the law will not impose terms so repug-
nant to good morals and so obviously unjust to the innocent
victim.

There is no merit in the claim that there is a misjoinder of
actions. The promise of marriage is set out as one of the in-
ducements for the seduction, and not otherwise, and the

prayer for damages is solely for the alleged seduction. Nor do we think there is any ambiguity in this regard. Clearly the action is based solely upon the alleged seduction, and in no sense on a contract to marry. We think the demurrer was rightly overruled. The judgment, so far as this appeal is concerned, should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed, but this affirmance does not affect the order granting a new trial, which has been affirmed, and which vacates the judgment.

McFarland, J., Lorigan, J., Henshaw, J.