[L. A. No. 3624. Department Two.—February 10, 1916.]

FRED A. BARLOW, Appellant, v. AL. G. BARNES, Respondent.

PLEADING—ALIENATION OF WIFE'S AFFECTIONS—CRIMINAL INTERCOURSE. A husband's cause of action for the alienation of the affections of his wife is separate and distinct from a cause of action arising from the defendant's criminal intercourse with her.

ID.—LETTERS OF WIFE TO DEFENDANT—EVIDENCE.—Letters of the wife, addressed to the defendant, which were never received nor in any way assented to or acted upon by him, are not admissible in evidence against him in support of such charges.

ID.—GAMBLING HABITS OF PLAINTIFF—RECORD NOT EMBODYING ENTIRE EVIDENCE.—In an action by the husband joining such causes of action, the admission of evidence touching the plaintiff's habits of gambling, which had been set up in the answer as a defense and no motion made to strike it out, will not warrant a reversal of a judgment for the defendant, where all the evidence is not brought up

for review. It will, if necessary, be inferred in favor of the regularity of the court's procedure, that other evidentiary matters made this particular evidence pertinent, competent, and admissible.

ID.—WEALTH OF DEFENDANT—IMMATERIAL EXCLUSION OF EVIDENCE.— On an appeal by the plaintiff from a judgment for the defendant, error, if any, in rejecting evidence offered by the plaintiff to show defendant's wealth, is immaterial, unless the appellant is otherwise entitled to a reversal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Murphy & Poplin, for Appellant.

Horace S. Wilson, and Leo V. Youngworth, for Respondent.

HENSHAW, J.—Plaintiff sued defendant, charging upon two separate causes of action. The first prayed damages for the alienation of the affections of plaintiff's wife. The second prayed damages for defendant's criminal intercourse with her. The gravamina of these two actions are of course essentially different. A cause of action for alienation of affection may exist where there has been no criminal conversation, and, upon the other hand, where criminal conversation is the basis of a right of action, alienation of the wife's affection is not a necessary element of the offense. "Her sexual intercourse with another is an invasion of his rights, and it is immaterial whether this invasion was obtained by force or by the consent of the wife." (*Bedan* v. *Turney,* 99 Cal. 653, [34 Pac. 442]; *Colwell* v. *Tinker,* 169 N. Y. 531, [98 Am. St. Rep. 587, 58 L. R. A. 765, 62 N. E. 668]; *Evans* v. *O'Connor,* 174 Mass. 287, [75 Am. St. Rep. 316, 54 N. E. 557].)

Trial was had before a jury, which rendered its verdict in favor of defendant. He had answered by denial of the matters charged in the complaint which, in addition to those above indicated, were that defendant, the owner of a circus traveling about the country, had induced plaintiff and his wife to go with them, and had induced plaintiff to accept

employment under him, to the end that he might the more conveniently accomplish his corrupt design. Defendant further affirmatively alleged that plaintiff is the brother of his, defendant's, wife; that defendant is a part owner in the circus; that through the importunities of his wife he was induced to grant to her brother the concession to sell peanuts in and around the circus; that plaintiff thus joined the circus, accompanied by his wife; that plaintiff is a ne'er-do-well and a gambler, and does not support himself nor his wife; they have been supported by defendant's wife; that an estrangement had sprung up between defendant and his own wife, and that defendant's wife instigated her brother, plaintiff herein, to make these groundless charges and institute this trumped-up action against him. Trial was had upon these pleadings. Plaintiff offered in evidence three letters addressed to George Alphaeus. Defendant's name is Alphaeus George Barnes Stonehouse. These letters were placed in the United States postoffice at Klamath Falls, Oregon, postage prepaid, addressed to George Alphaeus at different towns where, it is said, his circus was by the writer of the letters thought to be. Admittedly these letters were never delivered, but were returned to the writer at Klamath Falls, where they had been posted. These letters the court refused, under objection, to admit in evidence. Its ruling was proper. There was not only no evidence that the letters were received by the defendant, but there was positive evidence that they were not received. Making no account of the minor objections advanced by respondent in support of the court's ruling, as that the handwriting was not shown to be that of plaintiff's wife, and the addressee of the letters was not shown to be the defendant, upon broader ground the letters were not entitled to admission. Not having been received by defendant nor in any way assented to or acted upon by him, they amounted at the most but to the utterances of the wife not to but concerning her absent lover. They had no more legal competency against the defendant than her declarations to her husband not made in the presence of the defendant would have had.. They were not admissible under section 1881 of the Code of Civil Procedure. (See *Humphrey* v. *Pope,* 1 Cal. App. 374, [82 Pac. 223].) The case is quite different from that presented by *Dalton* v. *Dregge,* 99 Mich. 250, [58 N. W. 57], where letters written by the wife and

received by the defendant were admitted in evidence, as the court points out, under circumstances refuting any presumption of collusion between the wife and the husband.

The court permitted inquiries of the witnesses touching plaintiff's habits of gambling—of playing poker all night on the train when the circus was in transit, as often as two or three nights a week. It is urged that the character and the habits of the husband, where no consent to the wife's infidelity is shown, have no place before the jury as a defense to the action. (8 Cyc., p. 270, and notes.) But defendant had alleged these very matters in his answer. No motion had been made to strike them out. The evidence, moreover, had specific bearing upon the conduct and relationship of the parties upon the circus train and in the car, where it appears plaintiff sought to prove that these illicit acts of intercourse by defendant with his wife were committed, and committed in the daytime. And finally, upon this point, it may be said that appellant has not brought up all the evidence for review, but has asked us to consider merely certain specific rulings of the court in admitting and rejecting evidence. Every intendment being in favor of the regularity of the court's procedure, it will, if necessary, be inferred that other evidentiary matters in the case made this particular evidence pertinent, competent, and admissible.

The final point made by appellant is that the court erred in sustaining the defendant's objection to the attempt of plaintiff to show defendant's wealth. We need not enter into a consideration of this matter. That consideration could only be of value to plaintiff in the event that he was entitled to a verdict from the jury. But as he has shown no reason why the verdict of the jury given against him should be disturbed, the objection becomes absolutely inconsequential upon this appeal.

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.