## Morehead v. Commonwealth.

(Decided April 28, 1922.)

## Appeal from Warren Circuit Court.

1.   Criminal Law—Objection to Evidence—Appeal and Error.—A general objection to the testimony of a witness as a whole is not

available on appeal against the incompetent testimony of that witness, where other parts of his testimony are competent.

2. Criminal Law—Failure to Direct Report of Evidence.—It was not error for the trial court to fail to direct the official reporter to report and transcribe the evidence in a criminal prosecution, where the accused was represented by a licensed attorney and neither he nor his attorney requested that the proceedings be reported.

3. Seduction—Character of Woman Seduced—Reformation.—The statement in the instructions to the jury, in a criminal prosecution under section 1214, Kentucky Statutes, that it is essential that the woman seduced be of chaste character at the time of the intercourse, and although she may have previously left the path of virtue and become unchaste, yet if she has repented of that act and reformed she may again be seduced, is a sufficient definition of seduction within the meaning of the statute.

4. Seduction—Argument and Conduct of Counsel.—An attempted definition of seduction by the Commonwealth attorney in his concluding argument to the jury, objected to but verified and approved by the trial court at the time, was equivalent to an oral instruction to the jury in the language used by the Commonwealth attorney.

5. Seduction—Argument and Conduct of Counsel.—A statement made to the jury by the Commonwealth attorney to the effect, that if the accused by any advancement led the prosecutrix to believe that he was going to marry her and but for which she would not have submitted to him there was a promise of marriage, was prejudicial error, since the seduction denounced by the statute must occur under promise of marriage and the language used by the Commonwealth attorney required neither an express nor an implied promise.

THOMAS, THOMAS & LOGAN and B. F. WALLACE for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Darrell Morehead is appealing from a judgment of the Warren circuit court, convicting him of the statutory offense of seducing a woman under twenty-one years of age under promise of marriage, and fixing his punishment at confinement in the state penitentiary for a term of four years. A number of grounds for a reversal of the judgment are urged, but we will discuss only those deemed sufficiently important to merit consideration.

Counsel who are representing Morehead on this appeal did not represent him on the trial in the circuit court. Their first insistence is that incompetent testimony was admitted on account of which a new trial should be ordered. Most of the testimony complained of was admitted without objection or exception on the part of appellant, or was elicited from the witnesses on the cross-examination of them by appellant's counsel. This being true it is manifest that appellant is not in position to complain of that testimony. He does, however, complain of the testimony of Rodney King, which was objected to and which details two conversations relative to an attempt to defeat the procuring of an indictment for this offense in the Warren circuit court. At one of those conversations appellant was present, and, while it is not shown that he participated in the conversation, he visited King in company with a friend, supposedly for the purpose of inducing King to assist in forestalling an indictment. He heard the conversation and acquiesced in it. Evidence of that conversation was, in our opinion, competent. The second conversation between King and an ostensible friend of appellant was had in the absence of appellant. It was incompetent but there was no specific objection to that part of King's testimony. The proceedings in the circuit court were not reported and the bill of evidence which is filed in this court is in narrative form. It shows that all of the testimony of King was objected to, part of which as indicated was competent. The rule is that a general objection to all the testimony of a witness, part of which is competent although other parts may be incompetent, is not such an objection to the incompetent testimony as will authorize a reversal of a judgment on account of its admission. (Hoskins v. Commonwealth, 188 Ky. 80, and authorities there cited.) In view of this rule it can not be said that evidence of the second conversation was prejudicial error.

It is earnestly argued that the trial court erred in failing to exercise the authority conferred by sections 4637 and 4640, Kentucky Statutes, and direct the official reporter to report and transcribe the evidence heard on the trial. The basis of this argument is that it is always the duty of the trial court to protect the rights of the accused. The contention is wholly without merit. Appellant was represented by counsel who could have procured the reporting of the case, if he desired to have it reported, and the record shows that appellant himself was a rea-

sonably intelligent man. Neither appellant nor his counsel asked to have the case reported. Had they made the request it would have been the duty of the trial court to direct the reporting of the case. This they undoubtedly knew. The responsibility for the conduct of the case in this respect rested upon appellant and his counsel and was in nowise chargeable to the presiding judge. If appellant's rights were prejudiced by reason of the failure to report the case—and that does not appear in this record—it was his own fault. The trial court is not charged with the responsibility of taking charge of a defense where the accused is represented by a licensed attorney. (Sayre v. Commonwealth, 194 Ky. 338.)

The instructions are attacked on two grounds, but, before discussing them, it should be noted that the prosecutrix testified to the seduction under promise of marriage, and appellant admitted the sexual intercourse but denied the promise of marriage.

Instruction number one follows the language of section 1214 of Kentucky Statutes, on which the indictment is based, except instead of the words "under promise of marriage" the words "under the promise of marriage" are used. It is contended that the superfluous word "the" led the jury to believe that appellant had promised to marry the prosecutrix, when in fact the issue was whether he had or had not made such a promise at the time of having carnal knowledge of her. It is our view that this clerical error in the instruction could not have produced an unfavorable impression on the jury or misled them as to the real issue in the case.

The other criticism is that the court erred in not defining the word "seduction." On this point we are referred to Berry v. Commonwealth, 149 Ky. 398; Hudson v. Commonwealth, 161 Ky. 257, and Gaddis v. Commonwealth, 175 Ky. 183. In the first of these cases, there was a reversal of the judgment because the trial court failed to define to the jury what seduction is, and in referring to that error this court cited 2 Roberson's Criminal Law, section 493, which in substance says, that it is essential that the woman seduced be of chaste character at the time of the intercourse though it is not so expressed in the statute, and further that although she may have previously left the path of virtue and become unchaste, yet if she has repented of that act and reformed she is within the protection of the statute and may again be seduced.

In the case at bar that definition of seduction was included in the second instruction given to the jury.

In Hudson v. Commonwealth, *supra,* the Berry case was referred to and a similar definition of seduction approved. While there is language in the opinion in the Gaddis case that might be construed as authority for appellant's contention, it will be found upon an examination of the authorities on which that case rests that the definition of seduction contained in instruction two given in this case is in accord with what the court regarded in those cases as a correct definition. It is, in our opinion, a sufficient definition, since it eliminates any idea that seduction means only the first surrender of chastity.

In his concluding argument to the jury the Commonwealth attorney said, "Gentlemen of the jury, you do not have to believe that defendant said in so many words, 'I am going to marry you,' but if he made any promise or advancement which led her to believe that he was going to marry her and but for which she would not have submitted to him it was a sufficient promise." This statement was objected to and thereupon the Commonwealth attorney turned to the court and said, "Am I correct?" and the court replied, "I think you are. I had an instruction written defining seduction but as I had given this other instruction I did not think it necessary."

This statement of the Commonwealth attorney, verified and approved by the trial court after objection had been made to it, was equivalent to an instruction given to the jury in that language. It was erroneous because it authorized the jury to convict appellant if they believed that he made any "advancement which led her (the prosecutrix) to believe he was going to marry her and but for which she would not have submitted to him." The language of the statute is, "Whoever shall under promise of marriage seduce and have carnal knowledge of any female under twenty-one years of age, etc." This is a criminal statute which defines the seduction that incurs the penalties denounced by it. The seduction and having carnal knowledge must be "under promise of marriage" to be brought within the meaning of the statute. The statute does not attempt to define seduction in general but merely defines the seduction that is made a criminal offense within its terms. At common law seduction is the wrong or crime of persuading a woman to surrender her chastity; it may be accomplished by artifice, deception, flattery, persuasion, with or without promise

of marriage, and the right of action against the seducer for loss of service may be maintained whether there is or is not a promise of marriage. (Stowers v. Singer, 113 Ky. 584; Cyc. vol. 35, 1294-1295; R. C. L., vol. 24, 736.)

But this prosecution is founded on a statute. Any act, deception or artifice used in accomplishing the seduction is competent as tending to prove the offense, but the statute requires that it be committed under promise of marriage. Whether that promise must be made in so many words, or whether words or suggestions intended to convey a promise and accepted as such are sufficient need not be decided. Any advancement that leads a woman to believe that the man is going to marry her is not sufficient. The prosecutrix might have accepted an advancement as meaning a promise, when it was never so intended and was not reasonably susceptible of that construction. Certainly if the statute does not require an express promise, it requires such action and words as clearly imply a promise. The statement of the Commonwealth attorney, as approved by the court, allowed the jury a larger discretion than is authorized under the statute. We conclude, therefore, that the statement, which was equivalent to an instruction, was erroneous and prejudicial.

The judgment is, acordingly, reversed.