[Civ. No. 19254. Second Dist., Div. Three. Feb. 16, 1953.]

DELBERT HIRSCHY, Appellant, v. EUGENE L. COODLEY, Respondent.

J. F. Rosen and Harry Wolpin for Appellant.

Title & Tannenbaum and Julius M. Title for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered on an order sustaining a demurrer to the second amended complaint, referred to as the complaint, without leave to amend.

The facts alleged are these: Plaintiff and Charlotte Hirschy are, and at all times pertinent were, husband and wife. Between March 1 and July 21, 1950, while plaintiff and his wife were living together, defendant unlawfully and with intent to injure plaintiff and deprive him of the companionship and affection of his wife, seduced Charlotte and had illicit intercourse with her at various places in Los Angeles to plaintiff's damage. At the times mentioned Charlotte was 20 years of age.

The action is for criminal conversation and does not lie. Civil Code, section 43.5(b) reads: "No cause of action arises for: (b) Criminal conversation." Criminal conversation is sexual intercourse of an outsider with a husband or wife. (*Young* v. *Young*, 236 Ala. 627 [184 So. 187, 190-191]; 42 C.J.S. 352, § 697; 27 Am.Jur., 135, § 535.) *Bedan* v. *Turney*, 99 Cal. 649 [34 P. 442], and *Barlow* v. *Barnes*, 172 Cal. 98 [155 P. 457], denominate an action by a husband against another for damages because of the latter's alleged sexual intercourse with the plaintiff's wife as an action for criminal conversation. (See 13 Cal.Jur. 908, § 91.) In *Rash* v. *Pratt*, 1 W.W.Harr. (Del.) 18 [111 A. 225], the court said (111 A. 228): "[C]riminal conversation in legal contemplation means adultery which is sexual intercourse by a man and a woman, one of whom is lawfully married to another person." And in *Turner* v. *Heavrin*, 182 Ky. 65 [206 S.W. 23, 4 A.L.R. 562]: "In its general and comprehensive sense, the term 'criminal conversation' is synonymous with 'adultery'; but in its more limited and technical signification, in which it is here to be considered, it may be defined as adultery in the aspect of a tort."

The cause of action pleaded is not seduction as plaintiff argues. Seduction signifies a leading astray. It has been described as the act of persuading or inducing a woman of

104

previously chaste character to yield to sexual intercourse by the use of any species of arts, persuasion, deceit, false promises, or other artifices which are calculated to have and do have that effect. (79 C.J.S. 958, § 4(b); 47 Am.Jur. 631, § 2.) Tersely it has been described as the offense of a man who induces a woman to surrender her chastity by flattery, promises, or artifice. (*Morehead* v. *Commonwealth,* 194 Ky. 592 [240 S.W. 93, 95]; *Franklin* v. *McCorkle,* 16 Lea (Tenn.) 609 [1 S.W. 250, 252, 57 Am.Rep. 244]; *Optiz* v. *Hayden,* 17 Wn. 2d 347 [135 P.2d 819, 826].) *Marshall* v. *Taylor,* 98 Cal. 55, says (p. 60 [32 P. 867, 35 Am.St.Rep. 144]): "The word 'seduction,' when applied to the conduct of a man toward a female, means the use of some influence, promise, art, or means on his part, by which he induces the woman to surrender her chastity and her virtues to his embraces. There must be something more than a mere reluctance on the part of the woman to commit the act, and her consent must be obtained by flattery, false promises, artifice, urgent importunity, based on professions of attachment, or the like, for the woman, and that relying solely on said promises or professions of flattery or artifice or importunity, she surrendered her person and chastity to her alleged seducer. And that relying and being influenced solely by such promises, flattery, artifice, and urgent importunity, she then being chaste, surrendered her person and chastity to her alleged seducer." (See, also, *People* v. *Votaw,* 38 Cal.App. 714, 717 [177 P. 485]; *Carter* v. *Murphy,* 10 Cal.2d 547, 562-563 [75 P.2d 1072].)

 If a wife engages in an unlawful act of sexual intercourse freely and voluntarily and without the employment on the part of the outsider of any art, promise, deception, persuasion, or the exercise of any undue influence over the alleged seducee which was calculated to overcome her reluctance and scruples, the act thus voluntarily entered into does not amount to seduction. (*Carter* v. *Murphy, supra,* p. 559.)

 The complaint does not allege the necessary elements of a cause of action for seduction. (See *Swett* v. *Gray,* 141 Cal. 83 [74 P. 551]; *Davis* v. *Stroud,* 52 Cal.App.2d 308, 316 [126 P.2d 409]; 23 Cal.Jur. 194, § 4.) The complaint must allege that the female is chaste. (*Davis* v. *Stroud, supra,* p. 316.) There is no allegation to that effect in the present complaint. In *Young* v. *Young,* 236 Ala. 627 [184 So. 187], it is said (184 So. 190): "Seduction . . . is a wrong directed specially against the female, as such; causing the female, chaste at the time, to surrender her virtue, through the seduc-

tive arts and inducements recognized by law. . . . Criminal conversation is not only limited to the marriage relation, while seduction is despoiling the chaste female, but the culpability of criminal conversation has little relation to the age of the woman. She may wantonly engage in criminal conversation, even be the aggressor inviting such breach of fidelity to her husband. In such case the young wife would be no less culpable than the old." In *Davis* v. *Stroud, supra,* it is said that (p. 316) : "Only an unmarried female can be seduced." The mere allegation that defendant "seduced" plaintiff's wife is insufficient.

The complaint does not state facts sufficient to constitute a cause of action.

Affirmed.

Wood (Parker), J., concurred.

SHINN, P. J.—I concur. When only an unmarried female (Code Civ. Proc., § 374), or in some cases her parents (Code Civ. Proc., § 375), may sue for her seduction when she was under the age of consent, namely 18 years (Civ. Code, § 56; Pen. Code, § 261), we have here a suit by a husband for the alleged seduction of his wife when she was 20 years of age. The action has no semblance of merit and the appeal is frivolous.