[Civ. No. 16673.   First Dist., Div. One.   Apr. 18, 1956.]

DONIPHAN R. JACKS, SR., Appellant, v. ANDREW R. JACKS et al., Respondents.

Doniphan R. Jacks, Sr., in pro. per., for Appellant.

Joseph A. Garry for Respondents.

BRAY, J.—Plaintiff in propria persona purported to allege three causes of action for which he asked damages in varying but large amounts: count 1, against his son, his daughter and his brother for alienation of plaintiff's wife's affections; count 2, against his wife, (whom he designates as "correspondent") for "Refusal to have matrimonial relations"; count 3, against his brother for adultery.[1]  Defendants demurred generally and that the alleged causes of action were barred by the statutes of limitation.  The demurrer was sustained

[1]Apparently this count includes a charge of conspiracy by the other defendants to cause plaintiff's wife and his brother to commit adultery.

without leave to amend. Plaintiff appeals from the judgment entered thereon.

■ Count 1. In 1939 the so-called "Anti-Heart Balm Statute," section 43.5, Civil Code, was adopted providing "No cause of action arises for: (a) Alienation of affection." Plaintiff vigorously attacks the constitutionality of the statute. However, that it is constitutional is well established in this state. (See *Langdon* v. *Sayre*, 74 Cal.App.2d 41 [168 P.2d 57] ; *Thome* v. *Macken*, 58 Cal.App.2d 76 [136 P.2d 116] ; *Rudley* v. *Tobias*, 84 Cal.App.2d 454 [190 P.2d 984] ; *Ikuta* v. *Ikuta*, 97 Cal.App.2d 787 [218 P.2d 854]. See also *Fearon* v. *Treanor*, 273 N.Y. 645 [8 N.E.2d 36], appeal dismissed 301 U.S. 667 [57 S.Ct. 933, 81 L.Ed. 1332], rehearing denied 302 U.S. 774 [5 S.Ct. 6, 82 L.Ed. 600].) No action may be maintained in California for alienation of affection.

■ Count 2. No action for damages lies in favor of a husband against a wife for refusal to have matrimonial relations. Moreover, plaintiff alleged that subsequently to the refusal charged, his wife sued him for and obtained a decree of divorce. The divorce action was the proper one in which to assert such refusal.

■ Count 3. The cause of action attempted to be alleged here, while denominated "adultery," is actually one for criminal conversation.[2] Such cause of action is barred by subdivision (b) of section 43.5, Civil Code. (See *Hirschy* v. *Coodley*, 116 Cal.App.2d 102 [253 P.2d 93].)

Additionally—did the purported causes of action alleged in plaintiff's complaint exist, they would all be barred by section 340, subdivision 3, Code of Civil Procedure (action for injury caused one by the wrongful act of another) as the complaint alleges that they all occurred more than one year prior to the filing of the complaint.

The complaint did not state any cause of action, and if it had, such cause of action would have been barred by the statutes of limitation. Hence, the court properly sustained the demurrers without leave to amend.

Judgment affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

---

[2] ". . . an action by a husband against another for damages because of the latter's alleged sexual intercourse with the plaintiff's wife . . . [is] an action for criminal conversation." (*Hirschy* v. *Coodley*, 116 Cal.App.2d 102, 103 [253 P.2d 93].)