Filed 10/25/22  Taft v. Boston Scientific CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FOSTER TAFT,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>BOSTON SCIENTIFIC CORPORATION et al.,<br><br>    Defendants and Respondents. | F082300<br><br>(Tulare Super. Ct. No. VCU268870)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan D. Ide, Judge.

Foster Taft, in pro. per., for Plaintiff and Appellant.

Shook, Hardy & Bacon, Frank C. Rothrock, Eva M. Weiler, and Mayela C. Montenegro-Urch for Defendant and Respondent, Boston Scientific Corporation.

Salinas Law Group, Richard S. Salinas, and Stacy R. Lucas for Defendant and Respondent, Sukhvinder Bhajal, M.D.

-ooOoo-

Plaintiff and appellant Foster Taft has filed four complaints seeking to allege viable causes of action against respondents in connection with his father's death.  The superior court sustained demurrers to plaintiff's fourth complaint without leave to amend.  We affirm.

## FACTS[1]

On March 14, 2017, Taft filed a complaint against defendants and respondents Sukhvinder Bhajal, M.D., and Boston Scientific, alleging causes of action for medical records (see Health & Saf. Code, § 123120), intentional and negligent infliction of emotional distress, medical malpractice, product liability, and wrongful death.[2] (Tulare County Superior Court case No. 268870.)[3] The complaint was based on events connected with Taft's father's death described in further detail below.

On April 21, 2017, Taft filed a first amended complaint (FAC). Dr. Bhajal filed a demurrer and motion to strike portions of the FAC. On June 22, 2017, the superior court sustained the demurrer and granted the motion to strike.

On August 18, 2017, Taft filed a second amended complaint (SAC). The SAC alleged Taft's father was a patient of defendant cardiologist Sukhvinder Bhajal, M.D. and had an implanted defibrillator from Boston Scientific Corporation (Boston Scientific). Taft's father died on March 15, 2016, with a listed cause of death of ventricular fibrillation.

The SAC alleged several causes of action, including medical malpractice, products liability and wrongful death. The product liability cause of action alleged, "With [Boston Scientific's] failure to provide medical records, there must be a presumption of defect …." The wrongful death cause of action was a single sentence: "That the death of [Taft's father] was premature and wrongful is addressed above under the Medical Malpractice and Product Defect sections."

Dr. Bhajal and Boston Scientific filed demurrers, which the trial court sustained without leave to amend.

---

[1] On our own motion, we take judicial notice of the record in (*Taft v. Bhajal* (Apr. 16, 2020, F076824) [nonpub. opn.] (*Taft I*).)

[2] The complaint also named another physician who is not party to the present appeal.

[3] Because complaints from separate cases are relevant here, we will refer to this as the -870 complaint.

**Prior Appeal**

In an unpublished opinion, this court reversed as to the wrongful death cause of action and affirmed as to all the other causes of action. (*Taft I*, *supra*, F076824.)

In *Taft I*, it was undisputed that the medical malpractice and products liability causes of action were survivor actions. However, survivor actions require an allegation the plaintiff is the decedent's personal representative. Since the SAC contained no such allegation, the demurrer was properly sustained as to the survivor actions.

Turning to the wrongful death cause of action, we observed that the SAC alleged that an internal defibrillator made by Boston Scientific failed to deliver treatment after the device reported an "event." The SAC further alleged this failure to deliver treatment caused the patient's death. Boston Scientific had not shown why the allegations failed to state a cause of action for wrongful death. Boston Scientific argued Taft's claim was preempted by federal law. We concluded Boston Scientific's preemption defense could not be established on the face of the complaint or matters of which the trial court had taken judicial notice.

As to Dr. Bhajal, we noted the SAC alleged his failure to put the patient on supplemental oxygen caused his death. Dr. Bhajal failed to show how these allegations failed to support the elements of duty, breach, and causation.

Consequently, we concluded Taft should have leave to amend the wrongful death cause of action for clarity after the dismissal of other counts that had been incorporated by reference. (*Taft I*, *supra*, F076824.)

**Postremand**

On remand, Taft filed a third amended complaint (TAC).[4] The complaint contains 24 sentences and a single cause of action for wrongful death. The TAC alleges that Dr. Bhajal implanted a Boston Scientific defibrillator in Taft's father in 2009. The defibrillator reported

---

[4] After remand in this case, Taft also filed separate complaints in two new actions, one against Dr. Bhajal and one against Boston Scientific. Both complaints sought all electrocardiogram (ECG) records since the device's implantation in 2009. We address appeals related to those complaints separately.

abnormal cardiac activity on the day of Taft's father's death on March 15, 2016. The defibrillator failed to deliver treatment, resulting in Taft's father's death. The TAC does not contain the SAC's allegations regarding supplemental oxygen.

Boston Scientific and Dr. Bhajal each filed demurrers to the TAC on the grounds that it failed to state facts sufficient to constitute a cause of action.

On December 21, 2020, the superior court sustained both demurrers without leave to amend. The court concluded that Taft failed to allege Dr. Bhajal committed a wrongful act that led to the death of his father. The court also found that the TAC's allegations as to products liability were insufficient because the "products liability cause of action has already been dismissed by this court and affirmed in the Court of Appeal." Finally, the court concluded the TAC did not allege facts "to support a finding that any alleged failure of this defibrillator might have contributed to the death of plaintiff's father."

On January 7, 2021, the court entered a judgment of dismissal.

## DISCUSSION

### Demurrer

" ' "A demurrer tests the legal sufficiency of the complaint." [Citations.] On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law. [Citation.] We deem to be true all material facts properly pled [citation] and those facts that may be implied or inferred from those expressly alleged.' " (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.)

We liberally construe the allegations of the complaint. (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145.)

### Wrongful Death

The elements of a cause of action for wrongful death are: (1) the underlying tort, (2) death, and (3) damages. (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968.)

4.

" 'The elements of a strict products liability cause of action are a defect in the manufacture or design of the product or a failure to warn, causation, and injury.' [Citation.] More specifically, plaintiff must ordinarily show: ' "(1) the product is placed *on the market*; (2) there is knowledge that it will be *used* without inspection for defect; (3) the product proves to be defective; and (4) the defect causes injury ...." ' " (*Nelson v. Superior Court* (2006) 144 Cal.App.4th 689, 687–688.)

**Our Opinion in *Taft I* Does Not Preclude a Wrongful Death Claim Predicated on the Facts Alleged in the SAC**

Dr. Bhajal contends that Taft has no product liability claim because, in *Taft I*, this court only provided for leave to amend on the wrongful death cause of action (and not the survivor product liability cause of action). The superior court similarly relied on our affirmance as to the products liability cause of action in concluding the wrongful death claim was subject to demurrer.

This reliance is misplaced. That a set of facts is insufficient to support one cause of action does not mean it is insufficient to support a different cause of action. Our holding that the facts alleged in the SAC were insufficient to constitute a *survivor products liability* cause of action is not equivalent to a holding that those same facts were insufficient to constitute a cause of action for *wrongful death*. Indeed, while upholding the sustaining of the demurrer as to the survivor products liability in *Taft I*, we also concluded that defendants had "failed to show that the SAC cannot state a claim for wrongful death ...." (*Taft I*, *supra*, F076824 at p. 14.) Thus, while our opinion in *Taft I* would preclude a survivor products liability cause of action, it clearly does not preclude a wrongful death cause of action predicated on the facts alleged in the SAC.

**The TAC Fails to Allege Facts to Support Wrongful Death Liability of Dr. Bhajal**

The TAC has a vague reference to "product defects" of the defibrillator implanted in Taft's father. It then alleges that the defibrillator's failure to deliver treatment caused his death. The only connection between this alleged cause of wrongful death and Dr. Bhajal is

5.

that he implanted the allegedly defective defibrillator.  This connection is insufficient to support a cause of action against Dr. Bhajal.  It is true that strict products liability is not limited to the product's manufacturer but can also include others in the chain of distribution. (*Hector v. Cedars-Sinai Medical Center* (1986) 180 Cal.App.3d 493, 500.)  However, providers of professional medical services are not considered in the chain of distribution because they are not suppliers of products. (*Id.* at p. 501.)  Defendants who provide medical services rather than sell products are not strictly liable for defective products provided to the patient during the course of treatment. (*Id.* at p. 504; see *Murphy v. E.R. Squibb & Sons, Inc.* (1985) 40 Cal.3d 672; *Silverhart v. Mount Zion Hospital* (1971) 20 Cal.App.3d 1022.) Consequently, the TAC fails to state a cause of action against Dr. Bhajal.

In his opening brief on appeal, Taft says broadly that "if" the leads from a defibrillator are not placed correctly during an implantation, the device "may" not do its job correctly. But no allegations to this effect are found in the TAC.  Consequently, this speculative possibility does not save the TAC from demurrer.[5]

**The TAC Fails to Allege Facts to Support Wrongful Death Liability on Boston Scientific**

In order for a manufacturer to be strictly liable for a product defect, it must be alleged that the product was defective in its design, was defectively manufactured, or was distributed with inadequate warnings. (*Artiglio v. Superior Court* (1994) 22 Cal.App.4th 1388, 1392.)

The TAC clearly alleges causation – i.e., that the defibrillator's lack of treatment caused Taft's father's death. But it does not adequately allege facts which, if accepted, would render Boston Scientific liable for manufacturing or distributing a defective product. That is, it does not allege the product was defective in its design, was defectively

---

[5] We also decline to hold the court abused its discretion to denying leave to amend. (See *Davis v. Stroud* (1942) 52 Cal.App.2d 308, 320 [plaintiff's proposal of potentially viable cause of action did not establish abuse of discretion given prior opportunities to amend]; see also *Powers v. Pottery Barn, Inc.* (2009) 177 Cal.App.4th 1039, 1042 ["Where the plaintiff has been given an opportunity to amend, we presume the complaint states as strong a case as is possible"].)

manufactured, or was distributed with inadequate warnings. (*Artiglio v. Superior Court*, *supra*, 22 Cal.App.4th at p. 1392.)[6]

The TAC does have an oblique reference to "defects" when it says, "[Boston Scientific,] as manufacture[r] and distributor, and [Dr. Bhajal,] as provider in the chain of distribution[,] are liable for product defects of [Taft's father's] defibrillator." But this is a legal contention that Boston Scientific's status as manufacturer and distributor renders it liable for any defects in its products, including Taft's father's defibrillator. It is not a factual allegation as to the nature of any *actual* design, manufacturing, or warning defect in Taft's father's defibrillator.

Taft argues that "[s]ince the intended result of a defibrillator is to defibrillate a fibrillating heart, the failure of the defibrillator to defibrillate the fibrillating heart establishes it was defective." However, "a product need not be found defective simply because an accident has occurred." (*Henderson v. Harnischfeger Corp.* (1974) 12 Cal.3d 663, 676.) It is not enough to allege the defibrillator did not save Taft's father's life. In order to state a wrongful death claim predicated on product liability against Boston Scientific, the TAC needed to allege a design defect, manufacturing defect, or inadequate warning that caused Taft's father's death. It failed to do so and was subject to demurrer.[7]

In his reply brief, Taft acknowledges that the TAC does not present facts establishing a design or warning defect. Instead, he says he is asserting a claim the device was defectively manufactured. He asserts the device has a history of recalls, but no such fact is alleged in the TAC. He also claims that defendants failed to provide ECG records which

---

[6] Boston Scientific argues that defective design is not available here because the product at issue is an implanted medical device. (See *Artiglio v. Superior Court*, *supra*, 22 Cal.App.4th 1388.) We do not reach this contention.

[7] We further conclude the court did not abuse its discretion in denying leave to amend. "Where the plaintiff has been given an opportunity to amend, we presume the complaint state[d] as strong a case as is possible." (*Powers v. Pottery Barn, Inc.*, *supra*, 177 Cal.App.4th at p. 1042.)

"could show failures of the device …." But that is not an allegation the device had a manufacturing defect, only speculation as to evidence.

**Damages**

The defendants also correctly note the TAC does not allege damages, which is an essential element of a wrongful death claim. However, if that were the only defect, Taft would likely be entitled to an opportunity to amend because there is a reasonable probability that he could allege that his father's death caused him at least noneconomic damages.[8] Therefore, while this ground supports the sustaining of the demurrer, we do not base our affirmance of the denial of leave to amend on this ground.

**Conclusion**

For the reasons stated herein, we conclude the TAC was properly subject to demurrer without leave to amend, and therefore do not address any remaining contentions.

### DISPOSITION

The judgment of dismissal is affirmed. Costs on appeal are awarded to respondents.

POOCHIGIAN, J.

WE CONCUR:

HILL, P. J.

DETJEN, J.

---

[8] In his appellate brief, Taft says his father had multiple streams of income that "went into the family," but no longer do "since he died." No such facts are alleged in the TAC.